F. B. BRACE v. ST. PAUL CITY RAILWAY COMPANY.[1]

October 31, 1902.

Nos. 13,173—(79).

### Cross-Examination—Letter in Evidence.

In a personal injury suit, the plaintiff having testified in direct examination concerning the nature and extent of his injury, it was proper, upon cross-examination, to receive in evidence a letter written by the witness thirty-eight days previously in which he described injuries received in an accident which occurred several months before the accident testified to, as bearing upon the credibility of the witness and the extent of his injury.

### Assignments of Error.

Certain other assignments of error considered, and *held* to be not well taken.

Action in the district court for Ramsey county to recover $25,000 for personal injuries received by plaintiff in alighting from defendant's street car. The case was tried before Otis, J., and a jury, which rendered a verdict in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*Shellenberger, Bryan & Helmes,* for appellant.

*Munn & Thygeson,* for respondent.

LEWIS, J.

The plaintiff resided at St. Anthony Park, and for the purpose of returning home, on the evening of June 7, 1901, boarded one of defendant's Interurban cars at the city of St. Paul. At about eleven o'clock the car reached the avenue where plaintiff was accustomed to get off, and he signalled the conductor, by a nod of his head, to stop the car. Plaintiff claims that the conductor did not heed his signal, but carried him beyond his destination; that he pulled the bell cord himself several times, thus bringing the car to a standstill, and as he was about to alight he asked the conductor for information as to his whereabouts, but that, instead

[1] Reported in 91 N. W. 1099.

of answering his question, the conductor pushed him off the car, and he fell forward, sustaining the injuries sued for. On the other hand, defendant's conductor claims that he noticed plaintiff's signal, and stopped the car at Cromwell avenue, but that plaintiff was conversing with a fellow passenger, and, instead of waiting until he should be ready to get off, he started the car, and went on to the next crossing, where plaintiff, after asking where they were, and receiving no answer, got off and walked away. The jury brought in a verdict for defendant. Certain rulings of the court are assigned as errors by plaintiff upon this appeal.

1. Upon cross-examination of plaintiff, the defendant offered a letter in evidence as bearing upon the extent of plaintiff's injury. This letter was dated April 29, 1901, and addressed to the Twin City Rapid Transit Company of St. Paul, demanding $5,000 in settlement for an injury alleged to have occurred in the November previous, and in which appellant described the nature of his injury, and set forth the probability of permanent injury to his knee. The complaint alleged that the accident occurring on June 7 seriously hurt plaintiff's knee, and, for the purpose of testing the credibility of the witness, the letter had a bearing upon the testimony regarding his injury.

2. For the same reason, it was proper for the court, upon cross-examination, to allow the defense to inquire whether a few months earlier plaintiff had met with a serious accident without saying anything to anybody about it.

3. In connection with other statements, the court charged the jury as follows:

"If the plaintiff took his stand down there on the steps, and was refusing to get off and was delaying the car unnecessarily, the duty of the conductor to the other passengers required that he might use some force either to bring the plaintiff back * * * or to put him off from the car."

There was evidence in the case tending to show that plaintiff was standing upon the steps, refusing to get off or go back into the car, and it was proper for the court to instruct the jury that it was the conductor's duty to use such reasonable force as might be necessary to make plaintiff get off or return into the car. The

conductor was charged with the duty of conserving the interests of the other passengers. It would be unreasonable for a person to take possession of the steps, thus preventing the closing of the gates, and hold the car in waiting, and the duty devolved upon the conductor in charge of the car to use reasonable means to prevent undue delays and interruptions. The part of the charge quoted might be subject to some criticism for the reason that it eliminates the word "reasonable," but when taken in connection with the entire charge, and in the light of all the evidence in the case, the language was not misleading, and could not have conveyed to the jury the idea that the conductor would be justified in using any greater force than would be reasonably necessary. If the charge appeared to counsel to be indefinite and capable of a construction which would be misleading, it was his duty to then and there call the court's attention to it, and have it corrected.

One objection to the receipt of the letter in evidence was that it was addressed to the Twin City Rapid Transit Company, instead of to defendant. It is immaterial whether the letter was correctly addressed or not. The essential thing which made it proper evidence on cross-examination was the fact that plaintiff had complained of a serious injury received prior to the one then under consideration, and whether he addressed the letter to the wrong or right corporation was immaterial.

4. The fourth assignment has already been covered by what we have said under the third head. The requests of plaintiff referred to under the fifth, sixth, seventh, and eighth assignments were properly refused, because, so far as pertinent, they had already been practically given by the court in the general charge.

The verdict of the jury was sustained by the evidence, and the order denying the motion for a new trial is affirmed.