TIMOTHY REARDON y. LUTHER S. CUSHING and Others.[1]

October 30, 1903.

Nos. 13,645—(157).

**Building Contract—Delays.**

In a building contract which required a claim in writing to be presented to the architect by the contractor, of any act, neglect, delay, or default of the owner or architect occasioning delay in the completion of the work, *held*, that such provision did not apply to extra work which such contractor was required to perform, to which he assented upon proper demand therefor.

**Evidence.**

*Held*, upon an examination of the evidence, that it was sufficient to sustain the verdict.

Action in the district court for Ramsey county to recover a balance of $5,467.05 claimed to be due plaintiff upon a contract for the erection of a building. The case was tried before O. B. Lewis, J., and a jury, which rendered a verdict in favor of plaintiff for $5,343.25. From an order denying a motion for a new trial, defendants appealed. Affirmed.

*Clapp & Macartney,* for appellants.

Appellants contend that the contract under which this work was done required plaintiff to give notice if extra work ordered by the de-

[1] Reported in 96 N. W. 1126.

fendants would delay him in completing the building, and that having failed to give any such notice no time can be allowed plaintiff for any delay occasioned by such extra work. St. Paul & N. P. Ry. Co. v. Bradbury, 42 Minn. 222, 226.

The court will note that the contract expressly provides for the extension of the time allowed to complete the work if the contractor is delayed, (a) by the act, neglect, delay or default of the owner or architect; (b) by employees striking; (c) by any other contractor employed on the building; (d) by damage from the elements; (e) by the employees abandoning the work. There can be no question that ordering a change in the plans which required extra work was an act either of the owner or the architect, and it seems to us to "go without saying" that the extension of time for delay caused by such act, is necessarily to be obtained in the same way as for any other of the enumerated causes of delay. And this position is strengthened by the provision that the architect's decision as to the length of time caused by any such delay may be appealed from to arbitrators who are provided for in the clause first above quoted relating to doing "extra work." This contract, like most other contracts especially for large and expensive buildings, is replete with provisions for submitting disputes of all kinds to the architect, and these provisions are uniformly upheld by the courts as wise and just. St. Paul & N. P. Ry. Co. v. Bradbury, supra.

The provision of the contract in that case was one making plaintiff's chief engineer sole umpire as to what should be allowed for work done. To the same effect are Trainor v. Worman, 33 Minn. 484, 499; Johnson v. Howard, 20 Minn. 322 (370); Potter v. Holmes, 65 Minn. 337, 378, 379; Shaw v. First Baptist Church, 44 Minn. 22, 24; King v. City of Duluth, 78 Minn. 155; Feeney v. Bardsley, 66 N. J. L., 239; Shute v. Hamilton, 3 Daly, 462, 470; Florida v. Southern, 112 Ga. 1.

Again it is urged that the clause in the contract which provides that the defendants may be allowed $25 for each day's delay after the expiration of the time provided for in the contract, is a forfeiture, and consequently defendants were not entitled to anything on account of the delay. None of the cases cited by counsel from this court are in point; nor can we find any decision of the supreme court of this state upon the question presented here. But it seems to be a very general rule that stipulations against delay in the performance of the contracts for

building houses, business buildings, and railroads and structures of that character, are treated as liquidated damages, and not as a penalty, and this is so because the cases all seem to recognize the proposition that the actual damage is uncertain in its nature.   See the following authorities:   Texas v. Rust, 19 Fed. 239; Nilson v. Jonesboro, 57 Ark. 168; Patent v. Moore, 75 Cal. 205; Hennessy v. Metzger, 152 Ill. 505; Wolf v. Des Moines, 64 Iowa, 380; Geiger v. Western, 41 Md. 4; Lennon v. Smith, 1 N. Y. Supp. 97; Faunce v. Burke, 16 Pa. St. 469; Malone v. Philadelphia, 147 Pa. St. 416; Worrell v. M'Clinaghan, 5 Strob. 115; City v. Gulf, 56 Tex. 594; Collier v. Betterton, 87 Tex. 450; Reichenbach v. Sage, 13 Wash. 364.

*C. D. & Thos. D. O'Brien,* for respondent.

LOVELY, J.

Plaintiff entered into a written agreement with defendants whereby the former was to perform labor in the construction of a building in the city of St. Paul, and to furnish materials therefor according to designated specifications and conditions.   The work and materials were furnished, the building was completed and accepted by defendants. This action is to recover for extra work demanded by defendants and performed by the plaintiff.   The cause was tried to the court and a jury.   There was a verdict in favor of plaintiff, substantially according to the demand in his complaint.   This appeal is from an order denying a motion for a new trial.

By the terms of the contract, the work was to be performed in seventy seven working days, commencing July 1, and to be concluded September 30, 1901.   It was provided that if the plaintiff should

> "Be obstructed or delayed in the prosecution of the work by the act, neglect, delay or default of the owner or the architect or by the employees going on a strike or any other contractor employed by the owner upon the work [or other causes not necessary to be mentioned here], then the time fixed for the completion of the work shall be extended for a period equivalent to the time lost by reason of any or all of the causes aforesaid; but no such allowance shall be made unless a claim therefor is presented in writing to the architect within twenty-four

hours of the occurrence of such delay. The duration of such extension shall be certified to by the architect."

The liability to perform extra work is also recognized in these words:

"No alterations shall be made in the work shown or described by the drawings or specifications, except upon the written order of the architect and when so made the value of the work so added or omitted shall be computed by the architect and the amount so ascertained shall be added to or deducted from the contract price."

With a provision for arbitration in case of differences.

At the trial it was a contested issue of fact as to when the plaintiff was allowed to enter upon its performance; he contending that he did not get possession of the building so as to commence work until the latter part of August, nearly two months after the time specified in the contract. Upon this question the testimony is conflicting, but our examination of the record requires us to sustain the verdict in this respect. During the construction of the building, defendants from time to time demanded alterations requiring extra work of the value of over $9,000. The building, when finished, complied with the contract, except that it was not completed in time. The extra work was of the full value demanded, but it is insisted that under the provisions relating to delays defendants could diminish plaintiff's right to compensation in a substantial sum, because the building was not finished until after the date required in the contract, upon the ground that plaintiff did not give notice of any intended claim for extra work under a further stipulation in the agreement which is as follows:

"Should the contractor fail to finish the work at the time agreed upon * * * he shall pay to or allow the said second parties [defendants] by way of forfeiture the sum of $25 per day for each and every day thereafter the said work shall remain incomplete."

The trial court treated this part of the contract as a provision for liquidated damages. Without determining whether this conclusion was legally accurate, it is sufficient to say, in view of the result, that

defendants have no cause of complaint in this respect; hence the disposition of this appeal depends upon the determination of the question whether the extra work which was required by the defendants and the architect delayed the completion of the building to such an extent as excused the plaintiff from finishing it until the time he turned it over to them.

Upon the evidence, it was a fair question of fact for the jury whether the extra work caused the delay in the construction of the building until it was finished, but no notice was given by plaintiff, at any time after the extra work was ordered, to the owners or the architect, that the same would cause delays, or that the contractor would demand further time, nor were any claims made on that account; and it is the serious contention of defendants, upon the construction of that part of the contract which provides for making claims where any act of theirs interfered with the completion of the structure, that such failure entitled them to $25 for each day after the building should have been finished, excluding time of extra work; and thus the *real* question is narrowed down to a consideration of the legal effect of the following words, "act, neglect, delay or default of the owner or the architect," contained therein.

It is urged for the defendants that the specific term "act," in its broadest signification, embraces a demand or order for extra work, and that it was the duty of plaintiff, when the same was required, if it would cause delay which would excuse the contractor, within the time required to notify defendants of that fact, and make claim therefor. It is somewhat difficult to appreciate the necessity of such a notice and claim being applied to extra work, which was to be ordered by the architect, and of course must be assented to and acted upon by the contractor. Assuming, what is probably true, that, where each demand for extra work would not be a radical departure from the contract, it would have to be complied with, yet the defendants and the architect must have understood the natural consequence of such demands in retarding the completion of the building; and if the plaintiff, before he could assent to and enter upon any changes, must have given notice to the defendants that he would claim time for delays by reason thereof, it is not easy to see that any practical benefits would accrue to either party through such information. The

only apparent suggestion that can be made for the necessity of such notice would be that, if the extra work asked for would delay the completion of the building, defendants might withdraw their demand therefor. No provision in the contract is made for such an adjustment or withdrawal. An estimation of the expenses of changes requested might be difficult, and of itself impose exactions upon the plaintiff that would add to his specified duties. Hence, if we hold that the word "act" requires what seems to be an unnecessary duty by plaintiff, it must be upon a very strict construction. It may be that the word "act" would literally include a demand for extra work, but it seems quite plain that this was not the understanding of the parties.

The evidence showing the character of the alterations and the number of demands that were made for them covered very many instances. No objection appears to have been made by the plaintiff to such changes when they were assented to; neither does it appear that the defendants found any fault with the course taken by the plaintiff, or suggested that they desired or relied upon formal notice and claims by him. So that, upon a finding that the extra work was of the value contended for, and that the delays were occasioned thereby, we are able to discover no equitable merit in this contention, for clearly the architect and the owner could not have been injured by the failure of plaintiff to give them notice of what they knew or should have known when the alterations were requested.

It is a just principle that, where damages are sought for the default of another, the party who suffers must do nothing to enhance, but should, if possible, minimize, the same. Hence the strict construction contended for which gives to the word "act" a larger and broader import than the other terms associated with it would place the plaintiff in a perilous position. He would have to give the notice and make the claim on every occasion that extra work was demanded, and if it was apparent that he misunderstood his duty in that respect, and failed to do so, the larger the amount of extra work furnished, the greater would be the amount of damages to be charged up against him. We are not inclined to favor what seems to us to be an unjust interpretation, but in the application of the maxim, "Noscitur a sociis," find a sensible reason for holding that the word "act" referred not to those matters which were within the knowledge of both parties, and

intelligently assented to by each, but rather to any act whose character is to be ascertained by reference to the other words associated with it in the same connection, and manifestly applied only to neglects or defaults of the owners and architects not acquiesced in by the contractor, or determined by agreement or convention of the parties.

Order affirmed.