# ABRUM SILVERSTEIN v. KNIGHTS AND LADIES OF SECURITY.[1]

May 14, 1915.

Nos. 19,131—(75).

**Mutual benefit insurance — dismissal of action.**

> The trial court properly dismissed this action on the ground that the evidence shows conclusively that plaintiff is not entitled to recover.

Action in the district court for Hennepin county to recover $2,-000 upon defendant's benefit certificate upon the life of Rosa Silverstein. The case was tried before Hale, J., who granted defendant's motion to dismiss the action. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*George P. Leonard* and *M. Rose,* for appellant.
*William G. White,* for respondent.

TAYLOR, C.

Plaintiff sued to recover the amount of a benefit certificate issued by defendant, a fraternal beneficiary association, to Rosa Silverstein and payable to plaintiff at her death. At the close of the evidence, the trial court dismissed the action. Thereafter plaintiff moved for a new trial, and appealed from an order denying his motion.

The contract provided that the certificate should be void in case the questions in the medical examination of the insured were not answered truly. One of the questions in this examination was as follows:

"Have you had any illness, constitutional disease or injury that has confined you to the house during the past five years? If so, give particulars."

1 Reported in 152 N. W. 724.

This question was answered, "No." Another question was as follows:

"Have you undergone any surgical operation, or have you any bodily malformation or weakness?"

This was also answered, "No." At the trial it was admitted that, about 15 months prior to such examination, the insured had undergone a surgical operation for the removal of gall stones, for the separation of adhesions from the gall bladder, and for appendicitis, and had been confined to a hospital in consequence thereof for at least three weeks; also that her death resulted from a subsequent operation for the same ailment. In view of these facts, plaintiff makes no claim that the above answers were not such as would invalidate the insurance. He could not well do so. Even if the answer to the second question should be held as applying only to the latter part of that question, there is no ambiguity in the answer to the other. Plaintiff's contention is that it was a question for the jury whether the insured in fact made such answers to those questions. The questions were upon a printed blank. They were propounded by the examining physician, who read the questions and wrote down the answers. The insured signed the paper at the end by mark. The physician testified, at the trial, that he read the questions to the insured and correctly wrote down her answers thereto as she gave them; that she understood English fairly well but did not fully understand some of the questions; that he spoke her language and explained to her, in her own language, those matters which she did not understand when stated in English; that the examination occupied half or three quarters of an hour; and that, at its completion, she signed the paper by mark in his presence. His testimony appears to have been given frankly and candidly, and there is nothing to cast suspicion or discredit upon it. The only other testimony bearing upon the question in any way is that of a son of the insured who accompanied her to the office of the doctor. He remained in an outer room and was not present at the examination, but testifies that his mother was in the doctor's room only about ten minutes. This estimate of the length of time which the examination occupied, made by the boy some years later, is not

sufficient to raise a doubt as to whether the insured gave the answers in question. The instrument to which the insured affixed her signature is presumed to contain the answers which she gave in the absence of any evidence to the contrary; and there is no such evidence. The entire record discloses nothing which would warrant a jury in saying that she did not give such answers, and the ruling of the trial court was correct.

Order affirmed.