## ALMA OLSSON v. MIDLAND INSURANCE COMPANY.[1]

December 7, 1917.

No. 20,558.

**Insurance — material misrepresentations in application.**

1. Representations that the insured had not had fits or hernia or received medical or surgical attention within five years are material under a statute avoiding a policy for misrepresentations which "materially affected either the acceptance of the risk or the hazard assumed."

**Same — evidence not conclusive.**

2. The evidence does not conclusively show that the representation that the insured had not had fits or hernia was false.

**Same — same.**

3. The evidence does not conclusively show that a representation that the insured had not received medical or surgical attention within five years was false.

**Same — same.**

4. The evidence does not conclusively show that statements contained in the application of the insured to the effect that he had never had fits or hernia and had not received medical or surgical attention within five years were knowingly made.

[1]Reported in 165 N. W. 474.

*Same — insured not charged with knowledge of representation.*

5. That a copy of the application is attached to the policy as is required by statute, and retained by the insured, does not as a matter of law charge him with knowledge of the representations written therein or estop his beneficiary from showing that they were not in fact made.

**Same — liability for suicide when insane.**

6. Under an accident policy silent as to the effect of suicide the insurer is liable though the insured committed suicide if at the time he was insane.

**Same — judgment notwithstanding the verdict error.**

7. The evidence did not conclusively show that the insured knowingly made false representations as to hernia, fits or medical or surgical attention and judgment for the defendant notwithstanding the verdict for the plaintiff should not have been entered.

Action in the district court for St. Louis county to recover $1,000 upon defendant's policy of insurance. The facts will be found in the opinion. The case was tried before Cant, J., and a jury which returned a verdict for the amount demanded. Defendant's motion for judgment notwithstanding the verdict was granted. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Reversed.

*W. H. Gurnee,* for appellant.

*Benton & Morley* and *Crassweller, Crassweller & Blu,* for respondent.

DIBELL, C.

This is an action on a health and accident policy issued by the defendant to Bert Olsson. The plaintiff, his wife, was the beneficiary. There was a verdict for the plaintiff. Upon the defendant's alternative motion for judgment or a new trial judgment notwithstanding the verdict was ordered. From the judgment the plaintiff appeals.

The policy was issued on August 4, 1914. On December 25, 1915, Olsson came to his death from a gunshot wound. The defendant claimed that Olsson in his application made false representations, with intent to deceive, and of a character avoiding his policy, in these respects: (a) That he had never had hernia; (b) that he had never had fits; (c) that he had not received medical or surgical attention

within five years. The plaintiff denied that such representations were false, or that they were knowingly made. As a further and independent defense the defendant claimed that Olsson committed suicide. The plaintiff denied this and alleged that if he did he was insane at the time. The court charged the jury that the alleged representations were material under the statute, and left it to them to say whether they were knowingly made, and whether they were false; and it instructed them that the fact that Olsson committed suicide did not prevent a recovery if he was insane at the time. The verdict was general. Upon the record presented the judgment is right if any one of these representations was material within the meaning of the statute, and was knowingly made, and if it was false; or, regardless of these, if Olsson committed suicide, unless he was insane at the time. The motion for judgment was granted upon the ground that certain of the representations were false and were knowingly made. In the review on appeal it should be in mind that the jury found against the defendant; and the question is whether the evidence is such as to justify a judgment notwithstanding the verdict.

1. The statute applicable to false statements in a policy is as follows:

"The falsity of any statement in the application for any policy covered by this act shall not bar the right to recovery thereunder unless such false statement was made with actual intent to deceive or unless it materially affected either the acceptance of the risk or the hazard assumed by the insurer." G. S. 1913, § 3527.

If Olsson made any of the representations charged falsely, with intent to deceive, or, regardless of such intent, if such false representation affected either the acceptance of the risk or the hazard assumed, the plaintiff cannot recover. See Johnson v. National Life Ins. Co. 123 Minn. 453, 144 N. W. 218, Ann. Cas. 1915A, 458, and cases cited. The question of fraudulent intent is not material for consideration upon this appeal. Evidence of it is very slight, in fact there is none at all except by way of inference, and it is not claimed to be conclusive or at most more than a question for the jury. Besides if the representations were material in fact, as we hold, the question of intent to deceive becomes unimportant. The representation that the insured never had fits was material. See Rey-

nolds v. Atlas Acc. Ins. Co. 69 Minn. 93, 71 N. W. 831. And so was the representation that he had not received medical or surgical attention for five years. See Rupert v. Supreme Court U. O. F. 94 Minn. 293, 102 N. W. 715; Silverstein v. Knights & Ladies of S. 129 Minn. 340, 152 N. W. 724; Wheelock v. Home Life Ins. Co. 115 Minn. 177, 131 N. W. 1081. Of course in a particular case the attention might be so slight and of so little bearing upon the acceptance of the risk or the hazard as to be negligible. Whether the representation as to hernia was as a matter of law material is of greater doubt. It appears that policies are written, though the application discloses hernia, with a rider attached excepting liability for an injury arising because of it. The evidence upon the point is meager and the question has not been particularly considered by counsel. In this state of the record we hold the representation material.

2. The evidence does not conclusively show that Olsson was suffering from hernia or from fits or had been affected with either when he made his application. It would sustain a finding that he was. It sustains a finding that he was not. The burden was upon the defendant.

3. A physician testified that he treated Olsson medically and surgically some 50 or 60 times within the year prior to his application. This is the only evidence of medical or surgical attention and if true it is enough. The physician kept no record of his treatments or of dates. Olsson's wife received treatments from the same physician about the same time. The physician did not mention to her that her husband was receiving treatments. She never heard of her husband consulting the physician. He did not tell her. The question is whether the evidence so conclusively shows that Olsson received treatments from the physician that it must be so declared as a matter of law upon a motion for judgment notwithstanding.

The doctrine in this state, in harmony with the holdings elsewhere, is that uncontradicted testimony which is unimpeached and not improbable cannot be arbitrarily disregarded but must be given effect. Second Nat. Bank of Winona v. Donald, 56 Minn. 491, 58 N. W. 269; 1 Moore, Facts, § 66, et seq., and cases cited. But a jury is not bound to accept testimony as true, merely because uncontradicted, if im-

probable, or where the surrounding facts and circumstances or what is developed on cross-examination furnish reasonable grounds for doubting its credibility. Hawkins v. Sauby, 48 Minn. 69, 50 N. W. 1015; Anderson v. Liljengren, 50 Minn. 3, 52 N. W. 219. In Burud v. Great Northern Ry. Co. 62 Minn. 243, 64 N. W. 562, Justice Mitchell said: "The fact that there is no conflict in the testimony does not make the case one for the court instead of the jury, if the evidence is for any cause inconclusive in its nature as, for example, where different conclusions may be reasonably drawn from it, or where its credibility is doubtful." The principle was recently applied in Jensen v. Fischer, 134 Minn. 366, 159 N. W. 827, to the testimony of an interested witness. The burden of proof was upon the defendant. Olsson is dead and the testimony of the physician cannot be directly met. It is not corroborated and is perhaps weakened by the fact that no record was kept. This unexplained the jury might think unusual. Again the jury might think it unlikely that so many treatments would have been given without Olsson's wife learning of them either from her husband or the physician who was also her physician or by other means. The evidence is persuasive that Olsson received medical attention as the physician claimed. The question before us is whether it so conclusively appears that he did that it could be so declared on a motion for judgment notwithstanding. We are of the opinion that it is not of that conclusive character.

4. Olsson's application was taken by the district manager of the defendant. It contains 17 statements some of them including many separate facts. It is conceded that the manager did not read all of them at length. He assumed to give the substance of some of them or perhaps to call attention to portions which he deemed material. One of them, that relating to other insurance, was not read but the manager having in possession the information made the statement as he understood it should be. In general the printed statements furnished by the company ended with the phrase "except as herein stated," and the words "no exceptions" were added in writing. This was the language and in the writing of the manager. Olsson was a Swede, 24 years old, and came to this country when 16. He probably read English

with some difficulty. The manager had general charge of the solicitors in the district and the writing of applications was a matter of daily routine. There was no actual purpose on his part to deceive. However, he and the company were after business. They were winning Olsson away from a company in which he was carrying similar insurance which the manager when representing that company had written and which had lapsed but was subject to reinstatement. The only testimony as to what occurred was that of the manager and he was interested. From all the circumstances the jury were justified in believing that the statements were passed over lightly by the manager, that they were met by a general statement on the part of Olsson that he was all right or that nothing was the matter with him, without an appreciation of their real significance, and that with such general statement the defendant chose at the time to be satisfied. In making out the application the manager was the agent of the company and not of the insured. Kausal v. Minn. F. M. F. Ins. Assn. 31 Minn. 17, 16 N. W. 430, 47 Am. Rep. 776; Otte v. Hartford Life Ins. Co. 88 Minn. 423, 93 N. W. 608, 97 Am. St. 532. The question presented is whether from the evidence the jury must find that the representation was knowingly made. In some respects the case resembles Price v. Washington Life Ins. Co. 92 Minn. 251, 99 N. W. 810, where the question was held for the jury. And see Clark v. North American Union, 179 Mich. 131, 146 N. W. 336. We are of the opinion that the question was one of fact.

5. A copy of the application was attached to the policy as required by statute and was delivered to the insured. This fact, while a circumstance to be considered in determining whether the insured knew the statements made in the application, does not alone and as a matter of law charge him with them. Some statements in Reynolds v. Atlas Acc. Ins. Co. 69 Minn. 93, 71 N. W. 831, are urged to that effect. Whatever the rule is elsewhere we do not understand that in this state the mere retention of the policy to which a copy of the application is attached, with no other circumstance affecting the result, estops the insured or his beneficiary as a matter of law from asserting that the statements contained in it were not his representations. See Finn v. Modern Brotherhood, 118 Minn. 307, 136 N. W. 850; Otte v. Hartford Life Ins. Co

88 Minn. 423, 93 N. W. 608, 97 Ann. St. 532; Price v. Standard Life & Acc. Ins. Co. 90 Minn. 264, 95 N. W. 1118; Note 67 L. R. A. 734, et seq. The facts before us do not create an estoppel as a matter of law.

6. The defendant contends that the evidence conclusively shows that Olsson committed suicide. There is a presumption against suicide. That he came to his death by a bullet wound is undisputed. There is testimony, not very strong, that he claimed at the time that he had been waylaid and shot. The evidence that he committed suicide is quite convincing. The defendant sufficiently sustained the burden of proof. For the purposes of this appeal we assume but we do not hold that it was conclusively shown that he committed suicide.

There is no suicide provision in the policy. In the case of an ordinary life policy, payable to a beneficiary, without a provision as to the effect of suicide, the law of this state permits a recovery even in the event of suicide when sane. Mills v. Rebstock, 29 Minn. 380, 13 N. W. 162; Kerr v. Minnesota M. B. Assn. 39 Minn. 174, 39 N. W. 312, 12 Am. St. 631; Vance, Ins. 516; 2 Bacon, Life & Acc. Ins. (4th ed.) § 440. We assume without deciding that this rule does not apply to an accident policy. The rule is universal, in any event, that a suicide when insane does not prevent recovery unless expressly so provided in the policy. Scheffer v. National Life Ins. Co. of U. S. 25 Minn. 534; Cotter v. Royal Neighbors, 76 Minn. 518, 79 N. W. 542; Robson v. United Order of Foresters, 93 Minn. 24, 100 N. W. 381; Blackstone v. Standard Life & A. Ins. Co. 74 Mich. 592, 42 N. W. 156, 3 L.R.A. 486; Accident Ins. Co. v. Crandal, 120 U. S. 527, 7 Sup. Ct. 185, 30 L. ed. 740; Mutual Life Ins. Co. v. Durden, 9 Ga. App. 797, 72 S. E. 295; Tuttle v. Iowa State Traveling Men's Assn. 132 Iowa, 652, 104 N. W. 1131, 7 L.R.A. (N. S.) 223; 2 Bacon, Life & Acc. Ins. (4th ed.) § 530, et seq.; Richards, Ins. (3d ed.) § 367; 1 May, Ins. (4th ed.) § 323; Vance, Ins. 568; Kerr, Ins. 394; 1 Am. & Eng. Enc. (2d ed.) 313; 1 C. J. 443. Conceding that Olsson came to his death by suicide, the evidence, which it is unnecessary to review, sustains a finding that he was insane at the time. The court submitted the question of suicide and insanity along the lines stated and the defendant cannot complain.

7. The judgment was directed notwithstanding the verdict upon the ground that certain of the representations mentioned were material

under the statute, and we hold that they were, and that it conclusively appeared that they were knowingly made and were false.  Our conclusion upon the evidence is that it did not so appear conclusively and that judgment notwithstanding should not have been directed.

Judgment reversed.