GEORGIANNA VILLIOTT v. THE SOVEREIGN CAMP OF THE WOODMEN OF THE WORLD.[1]

April 16, 1920.

No. 21,708.

**Mutual benefit insurance — questions in application.**

1. Plaintiff, in a form of application for insurance prepared by itself, in one question asked as to insanity of parents, grandparents, uncles and aunts of the applicant, and in another asked as to the health of parents, grandparents, brother and sisters. The applicant was justified in assuming that information as to insanity of brothers and sisters was not there desired.

**Falsity of answer — expert opinion not conclusive — question for jury.**

2. The evidence of defendant was not conclusive of falsity of a statement in the application that applicant had never had syphilis. The opinion of experts on that point was not conclusive. That question was properly submitted to the jury.

**Question not submitted to jury.**

3. The court did not submit to the jury the question whether or not deceased made the statement above mentioned.

Action in the district court for Hennepin county to recover $2,000 upon defendant's beneficiary certificate of insurance. The answer alleged that plaintiff was not entitled to recover because of false statements in decedent's application. The case was tried before Waite, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict in favor of plaintiff for the amount of the policy. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

[1] Reported in 177 N. W. 356.

*Denegre, McDermott & Stearns,* for appellant.

*A. R. Chesnut* and *H. Stanley Hanson,* for respondent.


HALLAM, J.

Defendant is a fraternal beneficiary society. Joseph B. Villiott made application for membership in the society in February, 1915, and was received into membership. He died in July, 1917, at the Rochester State Hospital. All dues and assessments were paid. Defendant resists payment of the claim of plaintiff, his wife and beneficiary, on the ground that decedent made misstatements in his application. The jury found for plaintiff. Defendant appeals.

1. Decedent, in his application, stated that all of his living sisters were in good health. This, defendant contends, was untrue. This statement in the application was in answer to questions under "Family History." Questions were asked as to age and health of parents and grandparents if living, age and cause of death if dead, number of brothers and sisters living and their age and health, and age at death and cause of death of brothers and sisters dead. Then immediately follows another question, viz.: "Have any of your parents or grandparents, uncles or aunts, suffered from consumption, cancer, gout, scrofula, insanity or any other hereditary disease?" In answering the first set of questions deceased stated that he had five sisters living, ages from 38 to 25, and that their health was "good." In fact one sister was insane. Defendant contends that a person insane is not in good health, and that the answer quoted was, as to this sister, false.

We shall indulge in no discussion of the question whether, as an abstract proposition, a person insane is or is not in good health. We deem it unnecessary to do so. Defendant itself prepared this form of application. When, in one question, defendant asked as to insanity of parents, grandparents, uncles and aunts, and, in the next question to it, asked as to the health of parents, grandparents, brothers and sisters, it clearly gave the applicant to understand that information as to insanity of brothers and sisters was not there desired, and that the general term, health, as there used, pertained to physical and not mental soundness. See Claver v. Woodmen of the World, 152 Mo. App. 155, 133 S. W. 153, a decision which goes much farther.

It is therefore unnecessary to discuss the question whether the answers to these questions were representations or warranties.

The court submitted to the jury the question whether this answer was true or false and also whether it was material. If there was error it did not prejudice defendant. The verdict of the jury reached the same result as we have reached.

2. In answer to a question in his application, deceased stated that he never had syphilis. Defendant contended on the trial that he had syphilis at the time he made his application. The jury found against defendant on this issue. Defendant contends that the evidence is conclusive against the verdict on this point. We do not concur in this contention. The evidence of defendant on this point is that of Dr. Linton of the Rochester State Hospital that deceased died in the state hospital of general paresis, and the testimony of the same witness and of Dr. Crafts that general paresis is caused by syphilis and that alone, and that it results only from syphilis of many years standing. There is no other proof that deceased ever had syphilis. In order that the proof that the answer of deceased was untrue be deemed conclusive, we must give conclusive effect to Dr. Linton's diagnosis and to the opinion of these two doctors that general paresis is caused by syphilis and that alone. Dr. Linton frankly admitted that the diagnosis of paresis sometimes fails, and that a post mortem examination sometimes develops that it was erroneous. Dr. Crafts, a physician of 28 years standing, admitted that it was only in the last five or six years of his practice that he had entertained the opinion that paresis could have no other cause than syphilis, and that works of eminent, if not the most recent, writers are not in harmony with his present opinion. Expert testimony on such a point as this is not conclusive. Moratzky v. Wirth, 74 Minn. 146, 76 N. W. 1022; Moehlenbrock v. Parke, Davis & Co. supra, page 100, 176 N. W. 169. Take, in this connection, the testimony of members of the family of deceased, which negatives the claim that the usual symptoms of syphilis never had been present, and it seems clear that the testimony is not conclusive that deceased had syphilis at the time he made application for membership. We think the question was fairly one for the jury.

3. Defendant contends that the court submitted to the jury the question whether or not deceased made the statements above mentioned and

that this was error. It is doubtless true that the application itself, taken in connection with the uncontradicted testimony of the examining physician, leaves no question that deceased knowingly gave the answers as they are written. See Silverstein v. Knights & L. of S. 129 Minn. 340, 152 N. W. 724, but it seems equally clear that the court so instructed the jury. It is true, the court, at the commencement of the charge, instructed that the burden of proof was upon defendant to establish that the application was a truthful representation of the answers made by deceased at the time of his examination. But later in the charge the court explicitly instructed that: "If the man did have paresis and died of it, and if paresis always means that syphilis is the antecedent from which it results—that is the end of this policy," and again: "If they (the jury) come to the conclusion that the man did die of paresis and that the fact that he had paresis means that at some previous time he had syphilis, then their verdict should be for the defendant."

Comment on these instructions is unnecessary.

The language of the instruction, for obvious reasons, also makes immaterial the question whether this statement was a representation or a warranty.

Order affirmed.