# EMANUEL KAYSER and Another v. JOHN H. VAN NEST.[1]

April 24, 1914.

Nos. 18,480—(45).

**Automobile — negligence in driving — test of owner's liability.**
1. Whether the owner of an automobile is liable for damages caused by negligence in driving it, depends upon whether the driver was or was not the servant of the owner and engaged upon the business of the owner when the negligence occurred.

**Same — liability of parent of driver.**
2. Where a parent keeps an automobile which he authorizes a child to use for pleasure at any time, and the child operates it so negligently as to cause injury to others, it is error to rule that, as a matter of law, the parent is not responsible for such negligence.

**Same — negligence of licensee.**
3. The fact that a servant, driving his master's car upon the master's business, permits a stranger riding with him to drive it temporarily, while upon such business, does not absolve the master from responsibility.

Action in the district court for Hennepin county to recover $1,-252.49 for injury to plaintiff's automobile in a collision with defendants. The answer alleged that if plaintiffs suffered any damage it was caused by the negligence of plaintiffs and their servant in charge of their automobile to exercise ordinary care. The case was tried before Hale, J., who at the close of plaintiffs' testimony granted defendant's motion for a directed verdict. From an order denying their motion for a new trial, plaintiffs appealed. Reversed.

[1] Reported in 146 N. W. 1091.

Note. — The question of liability where automobile is being used by a member of owner's family is discussed in a note in 41 L.R.A.(N.S.) 775.

For authorities on the question of the liability of owner for injuries by automobile while being used by a servant or a third person for his own business or pleasure, see notes in 1 L.R.A.(N.S.) 235; 9 L.R.A.(N.S.) 1033; 14 L.R.A. (N.S.) 216; 21 L.R.A.(N.S.) 93; 26 L.R.A.(N.S.) 382; 33 L.R.A.(N.S.) 79; 37 L.R.A.(N.S.) 834; and 47 L.R.A.(N.S.) 662.

*John M. Rees,* for appellant.
*George B. Leonard* and *M. Rose,* for respondent.

TAYLOR, C.

A collision occurred between two automobiles, and this action was brought by the owners of one to recover damages from the owner of the other. A verdict for the defendant was directed by the court, and, after a motion for a new trial had been made and denied, plaintiffs appealed.

Defendant kept his car for the use, convenience and pleasure of himself and the members of his family. It was usually driven by his daughter, 19 years of age, and she was authorized to use it whenever she desired to do so. On the day of the accident, she took it and, accompanied by a younger sister, drove to the home of a relative where they were joined by other young people. From this point the daughter permitted a cousin, then riding with them, to drive the car, and the accident is alleged to have occurred by reason of his negligence. The evidence as to such negligence was sufficient to require the submission of the case to the jury, if defendant is liable therefor. The court held as a matter of law that defendant was not responsible for the acts of either his daughter or her cousin at the time of the accident, and directed a verdict in his favor upon that ground.

Whether the owner of an automobile is liable for the damages caused by it which result from the negligence of the person operating it, depends upon whether the person operating it was the servant of the owner and engaged upon the business of the owner at the time the negligence occurred. If he was such servant and engaged upon such business, the owner is responsible for injuries to persons or property caused by his negligence in operating it. If he was not such servant or was not engaged upon such business, the owner is not responsible for such negligence. Sina v. Carlson, 120 Minn. 283, 139 N. W. 601; Geiss v. Twin City Taxicab Co. 120 Minn. 368, 139 N. W. 611, 45 L.R.A.(N.S.) 382; Meyers v. Tri-State Automobile Co. 121 Minn. 68, 140 N. W. 184, 44 L.R.A.(N.S.)

113; Ploetz v. Holt, 124 Minn. 169, 144 N. W. 745; McNeal v. McKain, 33 Okla. 449, 126 Pac. 742, 41 L.R.A.(N.S.) 775, and note.

Defendant's daughter, while operating the car by his authority and upon his business, was defendant's servant within the meaning of the rule, and he was responsible for her acts to the same extent that he would have been responsible for the acts of any other servant. Defendant might properly make it an element of his business to provide pleasures for his family; and, as the car was intended for the use of the members of the family for purposes of pleasure as well as for other purposes, and the daughter had authority to take it and operate it for such purposes, it was at least a question for the jury whether, at the time of the accident, she was not the servant of defendant and engaged upon the business of defendant. See the cases above cited.

Defendant contends that, even if he is responsible for the acts of his daughter, he is not responsible for the acts of the third party who was operating the car at the time of the accident. The daughter remained in the car and, although not personally operating it, had not relinquished control over it, nor turned it over to another to use for his own purposes. It was still being used in furtherance of the purpose for which she had taken it out. That the mere fact that the person authorized to operate the car permits another to operate it temporarily does not absolve the owner from responsibility, under such circumstances, has already been determined in Geiss v. Twin City Taxicab Co. 120 Minn. 368, 139 N. W. 611, 45 L.R.A.(N.S.) 382, and the cases there cited.

The issues should have been submitted to the jury and the order appealed from is reversed.