JAMES JENSEN v. JOHN FISCHER AND ANOTHER.[1]

November 10, 1916.

Nos. 19,899—(62).

**Automobile — liability of father for negligence of son.**

> Plaintiff was injured in a collision with an automobile owned and kept by respondent for family use. It was alleged that the collision was due to the negligence of respondent's son, a codefendant. It is *held* that the evidence made respondent's liability for his son's negligence a question for the jury, although no witness contradicted the testimony of respondent and his son, that when the son requested permission to use the car on that occasion permission was refused, whereupon the son without respondent's knowledge took the car, for the record discloses circumstances which a jury may properly consider in passing upon the credibility of this testimony from interested witnesses.

Action in the district court for Ramsey county against John Fischer and his son Edward Fischer to recover $31,000 for personal injury received in a collision with an automobile driven by defendant Edward. The separate answers of defendants alleged that the injuries of plaintiff were caused solely by his own carelessness. The case was tried before Brill, J., who at the close of the testimony granted a motion to direct a verdict in favor of defendant John, and a jury which returned a verdict for $10,000 against defendant Edward. From an order denying his motion for a new trial, plaintiff appealed. Reversed.

[1] Reported in 159 N. W. 827.

Note.—The question of liability of owner where parent's car is being driven by his child, see notes in 41 L.R.A.(N.S.)775; 50 L.R.A.(N.S.) 59.

*Stan J. Donnelly* and *Stan Dillon Donnelly,* for appellant.
*Denegre & McDermott* and *Harry S. Stearns,* for respondent.

HOLT, J.

The defendants were sued for damages sustained by plaintiff in a collision between a motorcycle upon which the latter was riding and a Packard touring car, owned by the defendant John Fischer, but driven by his son, the defendant Edward Fischer. When the testimony was concluded the court directed a verdict in favor of defendant John Fischer. A verdict was rendered against the son. Thereupon plaintiff moved for a new trial as to John Fischer. It was denied and this appeal taken.

The automobile in question was bought and kept by John Fischer for family use. Edward, 20 years old, knew how to drive the car and, during the three years preceding the accident, had driven it whenever directed by his father or mother and had received permission on occasions to take some companions for rides. John Fischer testified that the garage was kept locked, the keys being in the possession of himself and wife and that none of the children were allowed to use the car unless permission was obtained from him when at home, and, when not, from his wife; that on this particular occasion Edward, a few minutes before taking the car, asked permission so to do, which was refused; and John Fischer did not know until next morning that Edward had disobeyed. Edward also testified that he asked his father for the use of the car, but was told he could not have it; that, nevertheless, he immediately went out through the rear of the house, unlocked the garage with a key he had made, unknown to his parents, and took the car, inviting his fifteen-year old brother, a neighbor boy of like age, and a four-year old nephew to take a ride. The Fischer home is on a corner lot with the garage on the rear part. Edward drove out upon the street, thence turned toward the front of the premises, passing the front of the house. A couple of blocks from home he noticed his two grown sisters on the sidewalk and gave them a ride for a few blocks to their destination. Then he drove around and picked up three companions and went out to Lake Phalen. While returning the collision took place.

There is no evidence fixing liability upon John Fischer except as found in his testimony and that of his son. Such testimony must tend to

show that Edward, at the time of the accident was driving the automobile for the purposes for which it was kept, so that he may be held to have been then in the service of his father and not on an errand personal to himself only. We think there is sufficient evidence to make this a jury question. Having come to this conclusion, it follows that the court should not have directed a verdict unless the claim of John Fischer that Edward secretly took the automobile, after having been denied its use, was established as a matter of law.

Of course, if John Fischer forbade his son to take the car on the evening in question, and neither knew nor consented to its then being used, he is not liable. There could be no implied assent to the use of the automobile by Edward, were he expressly forbidden to take it on this occasion. Although the head of a household may buy a car for the general use of the members of the family, he nevertheless retains the right to deny its use to any member whenever he sees fit, and when he so does, he cannot be held liable if such member surreptitiously takes the car and negligently operates it to the injury of another. Here both defendants testify positively that Edward Fischer was forbidden to take the car out on the evening of the accident. No witness contradicted them on this point. Hence, if there be nothing inherently improbable in their testimony nor any facts or circumstances in contradiction thereof in the record, a directed verdict was proper. But a majority of this court concludes that the evidence presents certain features which, to the minds of a jury, might tend to disprove the claim that Edward was refused the use of the car. It is inexpedient in advance of the trial, to analyze or discuss the evidence. We merely mention a few circumstances which a jury might deem contradictory of defendants' testimony on the point mentioned. For instance, immediately upon being denied the car Edward, in broad daylight, boldly proceeds to take it out, loads it up with some children, and passes in front of the house where he had just left his father, either on the porch or inside telephoning. Would a son, who deemed it necessary to ask his father's permission to use the car, conduct himself in this manner upon receiving a refusal? Edward and an older brother took care of the car. Is it likely that they had to go to the father or mother for the key each time they had occasion to go to the garage? The key Edward claims to have made bears evidence which a jury might consider a refuta-

tion of the claim. And although John Fischer, no doubt, found out how Edward got into the garage on the night of the accident, he was allowed to retain the key for about 6 months thereafter, or until the trial, when, at the request of plaintiff's attorneys, it was surrendered to be received in evidence as an exhibit. "The fact that there is no conflict in the testimony does not make the case one for the court instead of the jury, if the evidence is for any cause inconclusive in its nature,—as, for example, where different conclusions may be reasonably drawn from it, or where its credibility is doubtful," Burud v. Great Northern Ry. Co. 62 Minn. 243, 64 N. W. 562. It is for the jury to say to what extent self interest rendered the credibility of defendants doubtful when they testified that the car went out without John Fischer's consent and against his express command.

Order reversed.