# JAMES JENSEN v. JOHN FISCHER AND ANOTHER.[1]

## November 23, 1917.

### No. 20,557.

**Father liable for negligence of son — question for jury.**

Whether the father was liable for his son's negligence in driving the father's automobile was a question for the jury. The evidence was substantially the same as on the former trial, and the decision there is controlling here. [Reporter.]

Action in the district court for Ramsey county to recover for injuries received in a collision with an automobile and for medical services. The case was tried before Michael, J., and a jury which returned a verdict for $10,000. From the judgment entered pursuant to the verdict, John Fischer appealed. Affirmed.

*Denegre & McDermott* and *Harry S. Stearns*, for appellant.

*Stan J. Donnelly* and *Stan Dillon Donnelly*, for respondent.

PER CURIAM.

Action to recover damages on account of injuries resulting from a collision with an automobile. The plaintiff had a verdict against John Fischer upon which judgment was entered, and from this judgment defendant appealed.

On July 2, 1915, John Fischer owned a large Packard touring car which

[1]Reported in 165 N. W. 1055.

he kept as a pleasure car for the use of his family and himself. On the evening of that day, his son Edward, the other defendant herein, was driving the car upon and along Case street. A collision occurred between defendant's car and the motorcycle upon which the plaintiff was riding, resulting in the injury complained of.

There was a former trial of this case where the plaintiff had a verdict against the defendant Edward Fischer, the court having directed a verdict in favor of the defendant John Fischer. Plaintiff moved for a new trial against John Fischer, which was denied. On appeal a new trial was granted upon the ground that the evidence made his liability for his son's negligence a question for the jury. 134 Minn. 366, 159 N. W. 827. The case was subsequently retried as to John Fischer and a verdict rendered against him. He moved for judgment notwithstanding the verdict.

The only question here presented is whether the testimony had upon this trial was sufficient to warrant the jury in holding the defendant John Fischer responsible for the act of his son Edward, as driver of the automobile on the occasion in question.

It is earnestly urged on behalf of appellant that the proofs offered in his behalf upon the second trial were not only consistent with those upon the first trial, but were sufficient to take the case from under the law established upon the former trial and appeal, and to establish conclusively that this defendant was not, as a matter of law, responsible for the acts of his son in having and driving the car upon this occasion.

A careful consideration of the testimony offered upon the retrial of this case compels us to the conclusion that the evidence made respondent's liability for his son's negligence a question for the jury. We discover no substantial difference between this testimony and that had upon the former trial, and that decision is controlling here.

Affirmed.