# ALBERT UPHOFF v. G. W. McCORMICK.[1]

March 15, 1918.

No. 20,691.

**Registration of automobile evidence of ownership — finding sustained.**

1. In an action for negligence in the operation of an auto the statute (G. S. 1913, § 2643), makes registration evidence of ownership; and the evidence is *held* to sustain a finding that the defendant was the owner of an auto at the time the plaintiff sustained injuries by a collision with it.

**Negligence — liability of owner — finding sustained.**

2. The evidence sustains a finding that the auto was used at the time with authority of the defendant for family purposes for which it was kept and that he was liable for the negligence of the driver.

Action in the district court for Lyon county to recover $1,443 for injuries to person and property received in collision with an automobile of defendant driven by his servant. The answer alleged carelessness and negligence on the part of plaintiff. The case was tried before Olsen, J., who when plaintiff rested denied defendant's motion to dismiss the action, and at the close of the testimony separate motions for a directed verdict in favor of each party, and a jury which returned a verdict for $300. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Tom Davis* and *Ernest A. Michel,* for appellant.

*E. V. Molle,* for respondent.

DIBELL, C.

The plaintiff had a verdict for injuries sustained in a collision with an auto driven by the defendant's son. The defendant appeals from the order denying his alternative motion for judgment or a new trial. The negligence of the son is conceded. The questions are:

[1]Reported in 166 N. W. 788.

(1) Whether the defendant owned the auto.

(2) If so, whether the use of it by his son at the time was under circumstances making him liable for his negligence.

1. The defendant bought the auto in June, 1916. He claims that he sold it to his son a week or two later. The collision occurred in the following October. The auto was registered in the name of the defendant and at the time bore the registration number assigned to him. Under the statute this is prima facie evidence of ownership. G. S. 1913, § 2643. The testimony of the father and the son is that the latter purchased the auto of his father for $800, trading in some cattle for $400 and agreeing to pay the balance when he could. A neighbor corroborates them to the extent of saying that he overheard a conversation between them relative to a sale for $800. The fact and the terms of sale do not more positively appear. The son was between 21 and 22 years old, lived at home with his father on the farm, and worked for him under an arrangement not definitely shown. He became the owner of the cattle when living at home and while under age. His exact claim of ownership is not clearly shown. The transaction between him and his father is left vague and uncertain; nor does it conclusively appear that such negotiations as there were between them looking toward a sale were actually consummated. The statute giving effect to registration in proof of ownership is not intended to make a jury question in every case. The direct evidence as to ownership may be such as to require a peremptory instruction. The evidence before us is such as well enough to sustain a finding of a sale. The jury did not find so. It found that the ownership was in the defendant, and the trial court after a fair trial approves the result. The case is not one, at least in view of the statute, where the testimony of witnesses not directly contradicted requires a finding in accordance therewith. See Jensen v. Fischer, 134 Minn. 366, 159 N. W. 827; Olsson v. Midland Ins. Co. 138 Minn. 424, 165 N. W. 474, and cases. The finding of ownership is sustained.

2. At the time of the collision the defendant's son was returning from a dance. The defendant's daughter went with him and was returning with him. The defendant knew that they were going. The auto was used from time to time for family purposes. Conceding that the defendant owned it, as the jury found, the evidence sustains a finding that the

use of it at the time was with his authority and for family purposes for which it was kept. Ploetz v. Holt, 124 Minn. 169, 144 N. W. 745, and cases cited; Jensen v. Fischer, 134 Minn. 366, 159 N. W. 827. If so he was liable for his son's negligence.

Order affirmed.