## MABEL JOHNSON v. ED EVANS.[1]

January 10, 1919.

No. 20,972.

**Master and servant — liability for negligence of minor son — use of automobile.**

1. Defendant owned and kept upon his premises a five passenger automobile for business purposes, and also for the comfort and pleasure of the members of his family, and his minor son was authorized and permitted to operate and use it for either purpose. While the son was so using the car, under defendant's permission, his negligent and careless operation thereof caused injury to plaintiff, who was riding therein as his guest. It is *held* (a) that, though using the car for his own personal pleasure and that of his friends, the son was the servant of defendant, within the meaning of the law, and defendant is liable for his negligent misconduct in operating the same; (b) the evidence supports the verdict in finding the son guilty of negligence, and in exonerating plaintiff from the charge of contributory negligence.

**Same — authority of son — question for jury.**

2. The question whether the son departed from or exceeded the authority given him on the particular occasion, to such an extent as to relieve defendant from liability during the period of departure, was properly submitted to the jury, and the evidence supports the verdict thereon.

**Same — presumption from possession of the car.**

3. There was no error in the charge of the court to the effect that the possession of the car by the son, in the absence of a showing to the contrary, would be presumed authorized by defendant.

**No error.**

4. The record presents no reversible error.

Action in the district court for Norman county to recover $5,300 for injuries received and expenses incurred through alleged negligent driv-

[1]Reported in 170 N. W. 220.

ing of defendant's car by his minor son. The answer alleged that the son had no right to operate the car without permission from defendant; that on the evening in question he had no permission to operate it from Ada to Borup and from Borup back to Ada and from Ada to Hadler, and these trips were made without the knowledge or consent of defendant. The case was tried before Grindeland, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for plaintiff. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Christian G. Dosland,* for appellant.

*M. A. Brattland* and *Ole J. Vaule,* for respondent.

BROWN, C. J.

Action for personal injuries in which plaintiff had a verdict and defendant appealed from an order denying his motion for judgment notwithstanding the verdict or a new trial.

There is no particular controversy about the facts controlling the result of the action and they are substantially as follows: Defendant owns and operates a farm near the village of Ada, in Norman county. He keeps and maintains upon his premises a five passenger automobile for both pleasure and business purposes; a family car and used for the comfort and pleasure of the family as well as in business affairs. His family consists of himself, wife and two sons, the oldest son being 17 years of age at the time here in question. Prior thereto that son had been permitted to use the car whenever he felt inclined to take some of his friends out for a drive, the permission often being given without special inquiry into the particular purpose or destination the son had in view.

On the day of the accident here complained of defendant gave the son permission to use the car for the purpose, as defendant supposed, of a trip to the village of Ada, a distance of about six miles, though the particulars of the trip were not inquired into by defendant nor disclosed by the son. The plan of the son was to pick up his friend Clarence Monson, a neighbor, and the two to invite their young lady friends to accompany them to a dance at Borup, a village some eight miles south of

Ada. The plan was carried out and the party thus made up, plaintiff in this action being the guest and companion of the son, and a Miss Gilbertson the companion of Monson, started in the automobile for the dance at Borup, passing through but not stopping at Ada. They later learned that the dance at Borup had been postponed to some later date, but at the same time were informed that a dance was then in full swing at the village of Hadler, some six miles north of Ada. The automobile was turned about and the party proceeded on the way to Hadler, again passing through but not stopping at Ada. They reached a point some three or four miles north of Ada at about 11 o'clock at night, and at a sharp turn in the road of which the son, who was driving the car, was unaware, the car was wrecked, as the result of which plaintiff was injured.

It may also be stated that the evidence tends to show, though controverted by defendant, that the son was in the habit of taking the car out for business or pleasure without asking permission or consent of defendant. But we dispose of the case on the facts above stated which are not in dispute, and upon the theory that permission was necessary before the son rightfully could take the car out for pleasure purposes.

The negligence charged in the complaint and upon which plaintiff predicated her right of action, is that at the time of the accident the son was driving at a grossly negligent and reckless rate of speed, by reason of which, when confronted with the unexpected turn in the road, he was unable to control the car, and it ran with great speed and violence into the highway ditch, injuring the occupants, and throwing plaintiff, who occupied the front seat, upon and against the windshield, a piece of broken glass from which penetrated and totally destroyed one of her eyes. The other occupants were not so seriously injured.

The defendant contends: (1) That the son had no authority to use the car for pleasure or other purposes, except upon express permission granted by defendant, that such permission was granted on this occasion, but for the limited purpose of a trip to the village of Ada and return, and that when the son went beyond that place he exceeded the authority granted, and thereby relieved defendant from liability for any act of negligence thereafter occurring; (2) that the court erred in

certain of its instructions to the jury, and (3) that plaintiff was guilty of contributory negligence.

1. Assuming the facts to be as contended by defendant, and that the son had no right to use the automobile except when permission was granted by defendant, we are unable on the evidence presented to sustain the further contention that there was such a departure from the permission here granted as to relieve defendant as a matter of law from liability for the negligent operation of the car during the period of the alleged departure. In our view of the case, as presented by the evidence, the question whether there was a substantial departure from the authority granted was one of fact for the jury.

The evidence offered by defendant shows that the son stated to defendant that he desired to take the car to go to Ada, and without inquiry as to the purpose of the trip, or the imposition of restrictions upon the use of the car on the particular occasion, the request was granted. The purpose of the son was one of pleasure, and the car was devoted to that purpose until the accident happened. And since defendant interposed no restrictions or limitations upon the use of the car, it should not be said as a matter of law that there was a departure from the authority granted merely because the pleasure drive took the son and party beyond the village of Ada. The record furnishes no suggestion that the permission to use the car would not have been granted had the son made full disclosure of his plans. In fact it affirmatively appears that express permission had previously been granted for a like use of the car, namely, that of attending dances in the neighborhood. It is not fair to assume that the request in this instance would have been denied had the dance at Borup or Hadler been mentioned to defendant. And since there was no departure from the purpose for which defendant kept the car, the question whether the son exceeded his authority to an extent to discharge defendant from responsibility was at least one of fact. The verdict to the effect that there was no such departure is supported by the evidence.

The case in point of substance comes within the rule applied by the authorities generally. Ploetz v. Holt, 124 Minn. 169, 144 N. W. 745; Kayser v. Van Nest, 125 Minn. 277, 146 N. W. 1091, 51 L.R.A.(N.S.) 970; Jensen v. Fischer, 134 Minn. 366, 159 N. W. 827; McNeal v. Mc-

Kain, 33 Okl. 449, 126 Pac. 742, 41 L.R.A.(N.S.) 775, and note; Denison v. McNorton, 228 Fed. 401, 142 C.C.A. 631; Griffin v. Russell, 144 Ga. 275, 87 S. E. 10, L.R.A. 1916F, 216, Ann. Cas. 1917D, 994.

The important inquiry in this class of cases, governed generally by the law of master and servant, is whether the son had express or implied authority to use the car on the particular occasion, and whether the use being made of it was within the general purpose for which it was kept by the parent. And by the weight of authority and reason the liability exists, where the car is kept for the pleasure and comfort of the family, though a single member thereof be using it for his own exclusive pleasure. Kayser v. Van Nest, supra; Birch v. Abercrombie, 74 Wash. 486, 133 Pac. 1020, 50 L.R.A.(N.S.) 59; Lewis v. Steele, 52 Mont. 300, 157 Pac. 575; Davis v. Littlefield, 97 S. C. 171, 81 S. E. 487; Griffin v. Russell, 144 Ga. 275, 87 S. E. 10, L.R.A. 1916F, 216, Ann. Cas. 1917D, 994. Such cases as Slater v. Advance Thresher Co. 97 Minn. 305, 107 N. W. 133, 5 L.R.A.(N.S.) 598, and Provo v. Conrad, 130 Minn. 412, 153 N. W. 753, are not in point. In those cases there was an undisputed departure from the uses for which defendant therein kept the automobile. In the case at bar there was no departure from such purposes at all; it was being used until the accident happened for the pleasure of the defendant's son.

2. The court instructed the jury that since it stood admitted on the evidence that the car was kept by defendant for family use, and for the pleasure of the members thereof, the presumption, until the contrary was shown, would be that the son's use thereof was authorized. The contention of defendant that the instruction was reversible error is not sustained. There was no intention on the part of the court by this part of its charge of shifting the burden of proof, or of relieving plaintiff of the necessity of establishing all the issues affecting defendant's liability. The court merely referred to an inference naturally arising from an undisputed state of facts, and was clearly justified by a similar statement found in the opinion in the Holt case, supra. See also Birch v. Abercrombie, 74 Wash. 486, 133 Pac. 1020, 50 L.R.A.(N.S.) 59.

3. The contention that plaintiff was guilty of contributory negligence is not sustained. The question was one of fact and properly submitted to the jury. It appears that plaintiff could operate the car and

that she had driven it a part of the time on this occasion. But she had turned the wheel over to the son before the accident occurred. It was a dark night, and the son was driving the car forward somewhere between 30 and 45 miles an hour. Plaintiff of course knew of the darkness, and of the fact that the car was being run at a rapid rate of speed. But she had no control over the operator, and was without authority to order or direct that the speed be slackened. She was the driver's guest. There is some evidence to the effect that while the car was making this rapid speed the driver had one arm around plaintiff, with his single hand as the sole guide of the destinies of the car. Plaintiff denied that the arm was around her, but admitted it was on the top of the seat back of her, and she testified further that she resented the attention thus given her, and stated to the driver that in her opinion the steering wheel required his undivided attention. She was corroborated by those occupying the rear seat of the car as to the position of the offending arm. On this state of the evidence contributory negligence should not be declared as a matter of law.

4. We have considered all assignments not covered by what has been said, and discover no error of a character to justify a new trial. There was no error in the refusal to submit special issues to the jury. The matters therein referred to were left to the jury and are covered by the general verdict.

Order affirmed.