## MARY JOHNSON, AS ADMINISTRATRIX OF THE ESTATE OF MYRTLE JOHNSON, DECEASED v. SWAN SMITH AND ANOTHER.[1]

### July 25, 1919.

### No. 21,335.

**Negligence — contributory negligence — charge to jury.**

In this action for wrongful death caused by the alleged negligent operation of an automobile in which plaintiff's intestate was riding, it is *held*:

(1) The charge of the court was not argumentative and properly pointed out the items of negligence pleaded, upon which alone sufficient evidence had been adduced.

(2) There was no evidence upon which to submit the defense of contributory negligence.

(3) Upon the admissions made by the defendant Swan Smith that he provided the automobile for the pleasure and recreation of the family, that the defendant Harold Smith, his minor son, was a member of the family and had the privilege of using the car whenever he desired, and the undisputed evidence that plaintiff's intestate was a guest at defendants' home, and was being taken from an entertainment to her home, at the time of the accident, with the acquiescence of Swan Smith, the court did not err when instructing the jury that if they found the son liable they should also find the father liable.

Action in the district court for Ramsey county to recover $7,500 for the death of plaintiff's intestate. The case was tried before Dickson, J., and a jury which returned a verdict for $2,250. From an order denying their motions for a new trial, defendants took separate appeals. Affirmed.

*Hoke, Krause & Faegre* and *R. F. Merriam,* for appellants.
*Samuel A. Anderson,* for respondent.

HOLT, J.

Plaintiff's intestate died from an injury received when an automobile in which she was riding overturned through the alleged negligence of

[1] Reported in 173 N. W. 675.

the driver thereof, the defendant Harold Smith, the minor son of defendant Swan Smith. Plaintiff had a verdict. The separate motion of defendants for a new trial being denied, each took an appeal.

The short facts are these: The defendant Swan Smith lives at White Bear Lake, and conducts a machine shop in St. Paul. At the time of the accident, his son Harold, 17½ years old, lived with his father and worked in the shop. The father had bought a Ford automobile a year or two prior thereto. This automobile was purchased and kept for business and pleasure. Harold was usually the driver, and had been given the right to use the automobile whenever he desired. Myrtle Johnson, plaintiff's intestate, became well acquainted with Harold during the summer of 1917. On November 11, 1917, she was a guest at the home of the defendants. Swan Smith was there. In the evening Harold and Myrtle went to an entertainment in St. Paul, from which it was intended that Myrtle should be conveyed to her home in Stillwater. The record indicates that Swan Smith knew of the plans of the young people, and that he did not disapprove. On the way to Myrtle's home, near the city limits of Stillwater, Harold, who was not very familiar with the surroundings, kept looking to the side of the road for a fence which was an indication to him of the street where he was to turn off. Thus occupied he got over to the left side of road, and was suddenly confronted with a team headed towards him. He turned sharply to the right, then to the left to avoid going into the ditch. The turns were too abrupt for the speed of the car. It overturned. Myrtle was thrown out, fracturing the skull at the base of the brain. The injury ultimately proved fatal. Harold admits he was going about 25 miles per hour when the turns were attempted. The road was wide and in good condition, but it was night and neither the street lights nor the automobile lights disclosed the team to Myrtle or Harold until so near that a collision was imminent. Without going more into details, the facts above recited make clear that the question of Harold's negligence was for the jury, and there is no contention to the contrary in the brief or oral argument of appellants.

There is a claim that the charge bearing upon the alleged negligence of the driver of the car was argumentative and singled out particular items of evidence. We do not sustain the claim. It was not improper to draw the attention of the jury to the items of evidence upon which

negligence of the driver was to be predicated, if at all, namely, the speed of the car, and its being on the wrong side of the roadway. The law governing these matters was given in the language of the statute and we fail to see wherein it was not applicable to the facts of the case.

No evidence is found justifying the submission of the alleged defense of Myrtle's contributory negligence. She was the first to observe and give warning of the horse or rig in the road.

The main contention is that the court erred in refusing to submit the defendant Swan Smith's liability to the jury under appropriate instructions. The charge given was that, if the negligence on the part of Harold proximately caused Myrtle's death, plaintiff was entitled to a verdict against both defendants. Swan Smith testified that he bought and kept the car partly for business use and partly for the pleasure of the members of the family, including Harold, and that Harold was privileged to take and use it whenever he desired. On this occasion Swan Smith was at home when Myrtle was entertained as a guest, and apparently knew and acquiesced in her entertainment by Harold.

This court stands committed to the rule that, where the head of the family makes it his business to provide recreation and pleasure for the family and its several members and to that end furnishes an automobile, he is responsible for its negligent use by any one of the family having his permission to drive it. Ploetz v. Holt, 124 Minn. 169, 144 N. W. 745; Kayser v. Van Nest, 125 Minn. 277, 146 N. W. 1091, 51 L.R.A. (N.S.) 970; Jensen v. Fischer, 134 Minn. 366, 159 N. W. 827; Uphoff v. McCormick, 139 Minn. 392, 166 N. W. 788; Johnson v. Evans, 141 Minn. 356, 170 N. W. 220. The same rule has been applied in Denison v. McNorton, 228 Fed. 401, 142 C. C. A. 631; Crittenden v. Murphy (Cal. App.) 173 Pac. 595; Hutchins v. Haffner (Colo.) 167 Pac. 966, L.R.A. 1918A, 1008; Lemke v. Ady, — Iowa —, 159 N. W. 1011; Stowe v. Morris, 147 Ky. 386, 144 S. W. 52, 39 L.R.A.(N.S.) 224; Farnham v. Clifford, 116 Me. 299, 101 Atl. 468; Lewis v. Steele, 52 Mont. 300, 157 Pac. 575; Boes v. Howell, 24 N. M. 142, 173 Pac. 966, L.R.A. 1918F, 288; McNeal v. McKain, 33 Okl. 449, 126 Pac. 742, 41 L.R.A.(N.S.) 775; Davis v. Littlefield, 97 S. C. 171, 81 S. E. 487; King v. Smythe, 140 Tenn. 217, 204 S. W. 296, L.R.A. 1918F, 293; Birch v. Abercrombie, 74 Wash. 486, 496, 133 Pac. 1020, 50 L.R.A.(N.S.) 59; Hiroux v. Baum, 137 Wis. 197, 118 N. W. 533, 19 L.R.A.(N.S.) 332.

That the father who has provided an automobile for the pleasure of the family is not liable under the rule of master and servant or principal and agent for the negligent operation of the car by a member of the family, competent to drive, who is permitted to take it for his exclusive pleasure or purpose is held in Parker v. Wilson, 179 Ala. 361, 60 South. 150; Watkins v. Clark, 103 Kan. 629, 176 Pac. 131; Woods v. Clements, 113 Miss. 720, 74 South. 422, L.R.A. 1917E, 357; Hays v. Hogan, 273 Mo. 1, 200 S. W. 286, L.R.A. 1918C, 715, Ann. Cas. 1918E, 1127; Doran v. Thomsen, 76 N. J. Law, 754, 71 Atl. 296, 19 L.R.A.(N.S.) 335, 131 Am. St. 677; Van Blaricom v. Dodgson, 220 N. Y. 111, 115 N. E. 443, L.R.A. 1917F, 363; McFarlane v. Winters, 47 Utah, 598, 155 Pac. 437, L.R.A. 1916D, 618; Blair v. Broadwater, 121 Va. 301, 93 S. E. 632, L.R.A. 1918A, 1011. Winn v. Haliday, 109 Miss. 691, 69 South. 685, and Smith v. Jordan, 211 Mass. 269, 97 N. E. 761, hold the father liable where a member of his family, in conveying other members or guests, causes injury through negligent operation of the car.

The reasons for fixing responsibility under the master and servant or principal and agent rule seem clear enough, where the family automobile is used for the pleasure or convenience of other members of the owner's family than the driver, but appear to the writer somewhat doubtful when the driver, it may be an adult son or daughter, uses the car for his or her own purpose exclusively. However, unless Kayser v. Van Nest, supra, and Johnson v. Evans, supra, are to be overruled, the learned trial court correctly advised the jury when instructing them to return a verdict against the father if plaintiff was entitled to one against the son, for the father frankly admitted that he provided the car for the pleasure of the family, that Harold was one of the family, and had the liberty to use the car for recreation and pleasure whenever he saw fit. The one who provides an automobile for the pleasure and indiscriminate use of the younger members of his family should not be lightly absolved from responsibility. It may also be said that, if responsibility attaches to the man who keeps an automobile for the recreation of his family when injury results from its negligent operation while used by two or more members of the family for a pleasure drive, it is difficult to see why the same responsibility does not attach when a single member of the family so uses it. To make use of an automobile for the pleasure of any of the family, a driver is essential, and, whether this be a hireling

or a son, should be regarded as the servant of the owner of the automobile.

Our conclusion is that the orders should be affirmed.