MARIE PLASCH, ADMINISTRATRIX OF THE ESTATE OF PETER PLASCH, DECEASED v. H. H. FASS AND ANOTHER.[1]

October 24, 1919.

No. 21,360.

**Liability of husband for wife's tort — statute.**

1. Section 7146, G. S. 1913, declaring the husband not liable for the torts of his wife, abolished the rule of the common law in such cases, but was not intended to include torts committed by the wife while acting as his agent or representative under authority expressly or impliedly conferred upon her.

**Same — negligence in operating automobile.**

2. The husband is liable for the negligence of his wife in the operation of an automobile furnished by him for the comfort and pleasure of the family, and which he permits her to use for that purpose.

**Verdict sustained by evidence.**

3. The evidence upon the question of negligence and contributory negligence sufficiently supports the verdict.

Action in the district court for Ramsey county by the administratrix of the estate of Peter Plasch, deceased, to recover $7,500 for the death of her intestate. The case was tried before Haupt, J., who at the close of the testimony denied the motion of defendants for a directed verdict, and a jury which returned a verdict for $1,000. From an order

[1]Reported in 174 N. W. 438.

denying their motion for judgment notwithstanding the verdict or for a new trial, defendants appealed. Affirmed.

*C. D. & R. D. O'Brien,* for appellants.

*John I. Levin,* for respondent.

BROWN, C. J.

Action for the alleged wrongful death of plaintiff's intestate, in which plaintiff had a verdict, and defendants appealed from an order denying their motion for judgment or a new trial.

Defendants are husband and wife. At the time in question the husband owned and kept an automobile exclusively for the pleasure and comfort of himself and members of his family, including his wife, who was permitted to operate and use the same without the special or other express consent of the husband. She was so using the car at the time here in question, was proceeding along University avenue from St. Paul to her home in Minneapolis, and at a point some 50 feet from. a street intersection struck decedent, inflicting injuries to him which resulted in his death. The husband was in the state of Montana at the time, and in no way personally concerned or involved in the unfortunate accident. The action is founded upon the alleged negligence of the wife in the operation of the car, and the verdict in plaintiff's favor sustains the allegations of the complaint in that respect.

It is contended by both defendants: (1) That the evidence is wholly insufficient to show actionable negligence in the operation of the automobile; (2) that the evidence conclusively established contributory negligence on the part of decedent, and, by defendant H. H. Fass alone, that, conceding the negligence of Mrs. Fass, her conduct in that behalf constituted a tort for which he is not responsible at law.

1. The first two contentions may be disposed of without a discussion of the evidence. We find in the record ample testimony to sustain the verdict as to the negligence of Mrs. Fass and the alleged contributory negligence of decedent. The accident occurred near the intersection of Mackubin street and University avenue at about two o'clock in the afternoon. A street car, on its way to St. Paul, had stopped after crossing Mackubin street to take on and discharge passengers. A truck of some

kind, not particularly described by the evidence, was standing on the north side of the avenue headed toward Minneapolis, and an ice wagon was crossing the avenue on Mackubin street. The automobile was going west toward Minneapolis, and as it approached Mackubin street turned out to pass the standing truck, the passageway being between the truck and the street car. As the automobile cleared the truck, Mrs. Fass for the first time saw decedent hurriedly crossing the street toward the street car, evidently to take passage thereon. The street was wet and slippery and her efforts to prevent striking decedent resulted in causing the car to skid and decedent was struck down and killed. The testimony of two witnesses, who were in clear view of the situation and of all that occurred at the time, was to the effect that the automobile was being driven at the time at between 25 and 35 miles an hour, an exceedingly dangerous speed in view of the situation presented. Mrs. Fass testified she was going very slow, and in this she was to some extent corroborated. In this state of the evidence, a further elaboration of which would serve no useful purpose, we hold that the question of negligence was one of fact and properly submitted to the jury. The same view is held as to the issue of contributory negligence. Whether decedent saw or could have seen the approaching automobile and the speed thereof, when he attempted to cross the street, is not so clearly shown as to justify this court in overturning the verdict, which has received the approval of the trial court.

2. The substantial question in the case is found in the claim of the husband that the injury complained of was caused by the tort of his wife, for which he is not legally responsible. The question must be answered adversely to his contention. As remarked by Mr. Justice Holt in the case of Johnson v. Smith, 143 Minn. 350, 173 N. W. 675, this court is firmly committed to the rule that where the head of a family makes it his business to provide recreation and pleasure for the family and its several members, and to that end furnishes an automobile for their use, he is responsible for its negligent operation by any one of the family having his permission to drive it. The theory and basis of the rule are that the member of the family so permitted to use the automobile is the representative of the head of the family in carry-

ing out his purposes in furnishing the car, for whose negligence in the operation thereof he is responsible. Though there is a divergence of judicial opinion upon the question, based on the absence of the conventional relation of master and servant or principal and agent between the parties, the rule stated is followed and applied as between father and son and father and daughter by a majority of the state jurisdictions as well as by some of the Federal courts. Berry, Automobiles (2d ed.) § 653. The authorities are practically all cited in the opinion in the Johnson case, supra.

We find only a limited number of reported decisions, wherein the liability of the husband for the negligence of the wife has been involved. But it is obvious that the courts, when the question is squarely presented, will apply the rule held by each as to liability for the negligence of a son or daughter. Tanzer v. Read, 160 App. Div. 584, 145 N. Y. Supp. 708; Vannett v. Cole (N. D.) 170 N. W. 663; Hutchins v. Haffner, 63 Colo. 365, L.R.A. 1918A, 1008, 167 Pac. 966. See also as bearing on the question: Collinson v. Cutter (Iowa) 170 N. W. 420; Crawford v. McElhinney, 171 Iowa, 606, 154 N. W. 310, Ann. Cas. 1917E, 221; Babbitt, Motor Vehicles, § 917. In our view of the question no distinction can well be drawn between different members of the family in such cases. The rule of liability should apply equally for the negligence of the wife as for the negligence of the son or daughter. The wife may, as a matter of law, be expressly or impliedly constituted the agent or representative of the husband, except as to his real estate, as well as the child (13 R. C. L. 1177; G. S. 1913, § 7147), and any attempt to differentiate between them can find support only in the contention of counsel for appellant in the case at bar, namely, that under our statute the husband is expressly declared not liable for the torts of the wife, G. S. 1913, § 7146, therefore is exempt from a liability of this kind.

We have given this feature of the case careful attention, and are unable to give to the statute the broad and sweeping effect claimed for it by counsel. The purpose of the statute was to abolish the rule of the common law, by which the husband was made liable for all torts of the wife committed before or during coverture, but it should not be construed to cover and include those committed by her under his express or

implied agency or authority, or those committed by his connivance or instigation. He is, notwithstanding the statute, still liable for the wrongful acts of his wife, committed in the exercise of authority conferred upon her as his agent, on the same principle that any other person is liable for the wrongs of his agent or other legal representative. And it is clear that the legislature did not intend to relieve him from responsibility for torts of the wife thus arising, but only those with which he was not directly or indirectly by operation of law connected. We so construe our statute. 13 R. C. L. 1178; Lush, Husband & Wife, p. 332. This view of the law is directly supported by Vannett v. Cole, and Hutchins v. Haffner, supra. The statutes of the state of North Dakota expressly provide that neither the husband nor wife shall be liable for the acts of the other. That of course includes the torts of either. Yet in the Vannett case the supreme court of that state held the husband liable for the negligence of the wife in the operation of the family automobile. There is no liability on the part of the husband for the torts of the wife in the state of Colorado, but in the Hutchins case the court reached the same conclusion of liability as the North Dakota court. Both decisions are in harmony with the general trend of the authorities in analogous cases, and support our conclusion in the case at bar.

Order affirmed.