# CHARLES F. MOGLE v. A. W. SCOTT COMPANY AND ANOTHER.[1]

November 21, 1919.

No. 21,446.

**Master not liable for negligent use of automobile by servant for pleasure.**

1. This court sanctions the doctrine that the head of a family, who provides for the recreation of the members of his family by furnishing an automobile for their use and pleasure, is responsible for its negligent use by any one of the family having his permission to drive it. The doctrine is a development of the rules applicable to the relation of master and servant and principal and agent and is not to be extended to cases where an employer permits a favored employee to use, for his own pleasure, an automobile kept and ordinarily used in carrying on the employer's business.

[1]Reported in 174 N. W. 832.

**Same.**

2. An employer is not liable for the negligence of his employee who took his automobile to drive out to a park with his family on a holiday when his time did not belong to his employer and negligently ran down and injured a person at a street intersection, even though he had his employer's permission to take the automobile.

Action in the district court for Hennepin county to recover $3,318 for injuries received from an automobile of defendant company driven by its servant. The separate answer of defendant company alleged that plaintiff and the Minneapolis Street Railway Company were subject to the provisions of the Workmen's Compensation Act; that if the injuries were caused solely by defendant's negligence and were caused under circumstances that created negligence or liability on the part of defendant for damages, plaintiff had no right to recover from defendant any damages whatsoever except those provided in the compensation act, and had no right to have the amount of such compensation determined by any method other than that provided in the act. The case was tried before Fish, J., who at the close of the testimony granted defendant company's motion for a directed verdict in its favor, on the ground that the testimony shows that the car was not being used in the course of the servant's employment and for the uses and purposes for which the automobile was kept by defendant. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*R. H. Fryberger,* for appellant.

*Kingman, Cross & Cant,* for respondent company.

LEES, C.

Action to recover for personal injuries caused by the negligence of the defendant Sobieski in operating an automobile owned by the defendant A. W. Scott Company.

On July 4, 1917, Sobieski, at the direction of J. Walter Scott, the managing officer of the A. W. Scott Company, took an automobile owned by the company to drive from Minneapolis to Wayzata, where he was to do some work for Scott. When the work was finished Scott directed him to drive the car back to Minneapolis and put it in the company's building where it was kept and to which Sobieski had a key. On his return,

Sobieski stopped at his house for a noonday dinner and was importuned by his wife to take the car and drive to Minnehaha Park with her and her mother. He at first refused to do so, on the ground that Scott had directed him to take the car back to the place where it was kept. However, he finally yielded to his wife's persuasion, and on the trip to the park negligently ran down and injured the plaintiff. He and the company were joined as defendants.

It was alleged in the complaint that at the time and place of plaintiff's injury, Sobieski was a servant of the Scott Company and in the course and scope of his employment, with full knowledge, permission and acquiescence of the company, was using the automobile in the performance of the purpose and uses for which it was intended and kept.

At the trial plaintiff called a witness by whom he sought to prove that on August 8, 1917, in the course of a conversation with Scott concerning insurance of the automobile, Scott said that Sobieski was given more privileges than other employees of the company and had full charge of the car, and that only occasionally would any of the others run it in the business and never for pleasure, but Sobieski was allowed to use it and frequently took it for the purpose of driving with his family on Sundays and in the evening, and that he was a reliable, careful driver. An objection to the offer was sustained, the court stating that under the allegations of the complaint, insofar as the company was concerned, plaintiff was confined to proof that Sobieski was using the car in its business and in the course and scope of his employment, otherwise there could be no recovery against it, and that the evidence failed to show that at the time of the accident Sobieski was using the car in the business of the company or within the scope or course of his employment. A verdict in its favor was directed. This appeal is from an order denying a new trial.

This court sanctions the doctrine that the head of a family, who provides for the recreation of the members of his family by furnishing an automobile for their use and pleasure, is responsible for its negligent use by any one of the family having his permission to drive it. The most recent expressions of the court on the subject may be found in Johnson v. Smith, 143 Minn. 350, 173 N. W. 675, and Plasch v. Fass, supra, page 44, 174 N. W. 438. The doctrine is a development of the rules applicable to the relation of master and servant and principal and agent, which have

been extended to meet a new situation brought about by the invention of the automobile and its common use, with the owner's permission, by the members of his family for whom he has provided it. As was said in Kayser v. Van Nest, 125 Minn. 277, 146 N. W. 1091, 51 L.R.A.(N.S.) 970, a man may properly make it an element of his business to provide pleasures for his family; or, as it was put in Denison v. McNorton, 228 Fed. 401, 142 C. C. A. 631, the use of an automobile, for the purpose of furnishing the members of the owner's family with outdoor recreation, is within the scope of the business of the head of a family analogously to the furnishing of food and clothing or ministering to their health.

We are now asked to extend the doctrine to cases where an employer permits a favored employee to use, for his own pleasure, an automobile kept and ordinarily used in carrying on the employer's business. The request is put upon the ground that, through the medium of automobiles, employers may properly provide "fresh air and pleasures, during their leisure hours, as necessaries for their laboring men," and that in so doing they occupy the same position as the head of a family in similarly providing his wife and children with pleasures of that sort. If we were to hold as requested, it would tend to put an end to the praiseworthy custom of many employers who permit faithful employees to use occasionally, for their personal enjoyment, automobiles kept and ordinarily used in carrying on the employer's business. If this cannot be done, without subjecting the employer to liability for damages if his employee is negligent in operating the automobile, few employers will continue to follow the custom. But, aside from this particular consideration, we think both reason and authority are opposed to plaintiff's contention. The extension of the family automobile doctrine to other relationships cannot well be justified upon any principle of the law of master and servant or principal and agent. The owner of an automobile, who loans it to another to use for purposes personal to the borrower, is neither master nor principal, but merely a bailor, and in law is not chargeable with the consequences of the borrower's negligence while pursuing his own ends in his own way. It has been consistently held that an automobile is not a dangerous instrumentality, hence liability of the owner cannot be put upon that ground. Provo v. Conrad, 130 Minn. 412, 153 N. W. 753. To sustain plaintiff's contention would logically lead to holding the owner of any

kind of personal property responsible for the negligent use of his property by one to whom he loaned it.

Sina v. Carlson, 120 Minn. 283, 139 N. W. 601, is greatly relied upon by plaintiff, but is clearly distinguishable. In that case Olson, the employee, was a farm hand whose time belonged to Carlson, his employer. He was using a farm team for a purpose consented to by Carlson, in order to facilitate the performance of an errand of his own which he was permitted to take time to perform, and it was said that in so using the team he was in fact facilitating Carlson's business as well, and that the purpose was not a private one in which Carlson had no interest.

In the present case, Sobieski was not even using the automobile to facilitate the performance of a necessary errand of his own. When he was driving out to a park with his family on a holiday for his and their pleasure, his time did not belong to his employer, and hence by no stretch of the imagination can it be said that he was then facilitating any business of his employer.

The views we have expressed make it unnecessary to pass upon the other questions raised by the assignments of error. Plaintiff failed to establish a cause of action under any theory upon which he sought to attach liability to the Scott Company, and the court ruled correctly upon the offer of proof and in directing a verdict in favor of the Scott Company. Sobieski alone is liable to plaintiff.

For the purposes of the case, we have treated the complaint as broad enough to permit the introduction of evidence tending to show either the use of the automobile by Sobieski in the course and scope of his employment or its use with the permission of his employer for a purpose for which it was kept by the employer.

Order affirmed.