## IDA MENTON v. L. PATTERSON MERCANTILE COMPANY AND ANOTHER.

## FRANK MENTON v. L. PATTERSON MERCANTILE COMPANY AND ANOTHER.[1]

### April 9, 1920.

### Nos. 21,615, 21,616.

**Master and servant — use of automobile by servant for his own purpose — case followed.**

1. Mogle v. A. W. Scott Co. 144 Minn. 173, holding the owner not liable for injuries arising from the negligent operation of his automobile by a servant or employee using it for his personal pleasure or convenience, though with the consent and permission of the owner, and limiting the rule applied to the "family automobile," laid down in Ploetz v. Holt, 124 Minn. 169, followed and applied.

**Directed verdict proper.**

2. On the evidence presented by the record a verdict for defendant was properly directed by the court.

Two actions in the district court for Blue Earth county to recover $10,000 and $3,300 respectively. The answers alleged contributory neg-

[1]Reported in 176 N. W. 991.

ligence on the part of plaintiffs. The cases were tried together before Comstock, J., who at the close of the testimony granted the motion of defendant mercantile company for a directed verdict in such case in its favor. From orders denying their motions for judgment notwithstanding the verdicts or for new trial, plaintiffs appealed. Affirmed.

*J. E. Regan* and *Moonan & Moonan,* for appellants.

*Barrows, Stewart & Metcalf, S. B. Wilson* and *V. E. Bradford,* for respondent.

BROWN, C. J.

Defendant L. Patterson Mercantile Company is a corporation doing the business indicated by its name in the city of Mankato. The company owned and used an auto truck for the delivery of goods sold to patrons and other like purposes connected with its business affairs. Defendant Lavin was in its employ and made use of the truck for the purposes stated. On June 23, 1917, which appears to have been a holiday, Lavin took the truck, with the acquiescence and consent of the company, for the purpose of conveying himself and friends, together with refreshments, to a lake resort near Mankato, there to spend the day as one of recreation and pleasure. Intoxicating liquor was included in the list of refreshments. Lavin so negligently and carelessly ran and operated the truck that it collided with an automobile driven by plaintiff Frank Menton, in which his wife was riding, thereby causing them serious injury. They brought separate actions for damages thus occasioned, against both Lavin and the mercantile company. The actions were tried together, and at the conclusion thereof verdicts were directed in favor of the company, on the ground that the evidence failed to make a case of liability against it. The jury returned a verdict in each action against defendant Lavin. Plaintiff excepted to the directed verdicts in favor of the company, and subsequently moved for a new trial as to that defendant, which was denied. Plaintiff appealed.

The facts bring the case within the recent decision in Mogle v. A. W. Scott Co. 144 Minn. 173, 174 N. W. 832, where we declined to extend the doctrine applicable to the "family automobile," as first announced in Ploetz v. Holt, 124 Minn. 169, 144 N. W. 745, and followed in numerous subsequent cases, to a case involving facts like those in the case

at bar. The opinion in the Mogle case clearly states the views of the court upon the subject, which we follow and apply without further elaboration or discussion. We find no evidence in the record to sustain the claim that the mercantile company maintained the truck not only for business uses, but also for the personal pleasure and convenience of employees. No doubt employees were permitted to use it for their personal convenience, but that did not expose the company to liability for their negligence within the rule of the Mogle case. Nor can we well attach to the enactment of the automobile license statute a legislative inference that the automobile is a dangerous instrumentality, subjecting the owner thereof to liability for the negligence of any person whom he may permit to use it, a theory the courts have rejected. To hold that such was the basis of that statute, in whole or in part, might in a measure reflect indirectly upon the lawyer, the doctor and the peddler, who are likewise required to be licensed.

This covers the case and leads to an affirmance. The suggestion of counsel on the argument that the evidence made a prima facie case of liability, since it disclosed the ownership of the truck in the mercantile company and the operation thereof by one of its employees, leading to the presumption that it was being operated in the company affairs, is overcome by the evidence taken as a whole, which fully points out the situation in its real light, namely, that the truck was then in use solely in furtherance of the personal convenience and pleasure of the employee.

Order affirmed.