FRED MORKEN v. PHILOMEN ST. PIERRE AND ANOTHER.[1]

October 29, 1920.

No. 21,882.

**Violation of law of the road — evidence.**
1. The evidence is sufficient to sustain the finding that the driver of the automobile negligently failed to turn to the right as required by the law of the road.

**Liability of mother for negligence of child driver.**
2. It is also sufficient to sustain the finding that the driver, a boy less than 14 years of age, was under the control of his mother who was riding with him, and that she is liable for his negligence.

**Owner of car not liable for negligence of his brother.**
3. But it is not sufficient to sustain a finding that the owner, a brother of the driver, kept the automobile as a family car, nor that he was responsible for the negligence of the driver on this occasion.

Action in the district court for Becker county to recover $1,810.05 for personal injury. The separate answers alleged negligence on the part of plaintiff. The case was tried before Nye, J., who when plaintiff rested denied defendants' motion to dismiss the action and at the close of the testimony denied their motion for a directed verdict, and a jury which returned a verdict for $800. From an order denying their motion for

[1]Reported in 179 N. W. 681.

judgment notwithstanding the verdict or for a new trial, defendants appealed. Affirmed as to Philomen St. Pierre; reversed as to S. R. St. Pierre.

*P. F. Schroeder*, for appellants.

*H. N. Jenson*, for respondent.

TAYLOR, C.

Action for personal injuries sustained in a collision between plaintiff's motorcycle and an automobile. Plaintiff had a verdict and defendants appealed from an order denying their alternative motion for judgment notwithstanding the verdict or for a new trial.

The defendants reside in the city of Detroit in Becker county and the collision occurred on a country road a few miles southwest of that place. The automobile was going up a hill known as Monson hill and plaintiff, on his motorcycle, was coming down the hill. The road was somewhat rocky with patches of sand in places and was bordered on both sides by brush, but all the witnesses agree that the traveled track was 18 or 20 feet in width and that there was ample room for two vehicles to pass. The negligence charged is that the driver of the automobile violated the law of the road by failing to turn to the right so as to permit plaintiff to pass. The evidence on this point is squarely conflicting. Plaintiff testified to the effect that the automobile was on his side of the road and did not turn toward its own side at all, and that, in attempting to avoid a collision, he turned to his right as far as the brush would permit. Four occupants of the automobile testified to the effect that the automobile was at all times on its own side of the road, leaving ample room for vehicles coming down the hill to pass on their side, and that the collision occurred because the motorcycle struck some loose sand which caused it to swerve and run into the side of the automobile. Which version was correct was a question for the jury and we must accept their finding.

The jury found that the accident resulted from the negligence of the driver of the automobile. The driver was Eugene St. Pierre, a boy less than 14 years of age. He is not made a party to the suit. The suit is against his mother, Philomen St. Pierre, who was with him in the automobile, and his older brother, S. R. St. Pierre, who owned the automobile. S. R. St. Pierre is called "Roy" in the testimony, and was em-

ployed in one of the Detroit banks. We think that the evidence, aided by the inference from the youth of the boy, is sufficient to sustain the finding that he was operating the automobile under the control and direction of his mother and that she is liable for his negligence.

What has been termed the "family automobile" doctrine is invoked to sustain the verdict against "Roy" St. Pierre who owned the car. That doctrine has been recognized and applied in numerous cases among which are Kayser v. Van Nest, 125 Minn. 277, 146 N. W. 1091, 51 L.R.A. (N.S.) 970; Jensen v. Fischer, 134 Minn. 366, 159 N. W. 827; and Johnson v. Evans, 141 Minn. 356, 170 N. W. 220, 2 L.R.A. 891. In those cases a parent kept an automobile for the use and pleasure of the members of the family, and it was held that he was liable for the negligence of a member of the family who, with his express or implied consent, was using it for a purpose for which it was kept. In the present case it does not appear that Roy was the head of the household nor that the car was kept for the use of the family. According to the evidence this was the first time that the mother and Eugene had ever taken the car, and they took it this time without the knowledge of Roy. The testimony shows that, when Eugene was riding with Roy, Roy sometimes permitted Eugene to drive the car, and also that when Roy went to his work in the car he occasionally let Eugene or his sister drive the car back to the garage. Aside from this there is no evidence that Roy ever permitted any one other than himself to drive the car. He states that he once caught Eugene taking the car out and did not think that he would do it again, and never knew of his doing it again. Eugene states that Roy did not permit him to use the car, but that in fact he had taken it several times when Roy was not around the premises.

The family automobile doctrine applies in cases where the automobile was provided by the head of the household. It does not extend to cases where an employer permits his automobile to be used by an employee. Mogle v. A. W. Scott Co. 144 Minn. 173, 174 N. W. 832; Menton v. L. Patterson Mercantile Co. 145 Minn. 310, 176 N. W. 991. Whether it extends to cases where the automobile is owned and kept by some member of the family not shown to be the head of the household, is an open question which it is not necessary to decide in this case, for, assuming that it may be so extended, the evidence is not sufficient to bring Roy's automo-

bile within the purview of the doctrine. It does not appear that he ever knowingly permitted other members of the family to use it for their own purposes, and the fact that Eugene used it surreptitiously, at times, is not sufficient to charge him with liability for Eugene's negligence. Jensen v. Fischer, 134 Minn. 366, 159 N. W. 827.

We find no other errors, and it follows that the order appealed from is affirmed as to the defendant Philomen St. Pierre, but is reversed as to the defendant S. R. St. Pierre.

On December 10, 1920, the following opinion was filed:

PER CURIAM.

Appeal by plaintiff from the clerk's taxation of costs. Defendants took a joint appeal and the order was affirmed as to one and reversed as to the other. Plaintiff taxed his costs against the successful defendant. The successful defendant taxed his costs against plaintiff and included therein the entire expense of printing the record and defendant's brief. Plaintiff insists that these items should be divided between the two defendants and that the successful defendant should recover only one-half thereof. As plaintiff fails to point out any portion of the record or brief as not necessary in the proper presentation of the successful defendant's case, the clerk's taxation is affirmed under Nelson v. Munch, 30 Minn. 132, 14 N. W. 578; Hess v. Great Northern Ry. Co. 98 Minn. 198, 201, 108 N. W. 7, 803, and Kretz v. Fireproof Storage Co. 127 Minn. 304, 312, 149 N. W. 648, 955.