### IRENE FELCYN v. PHILLIP GAMBLE AND OTHERS.[1]

February 19, 1932.

No. 28,801.

[1]Reported in 241 N. W. 37.

358

*Robertson & Rerat,* for appellant.

*Stinchfield, Mackall, Crounse, McNally & Moore* and *M. Dana Nicholson,* for respondent.

HILTON, J.

Plaintiff sued Phillip Gamble, David F. Gamble, his father (respondent), and Lake Minnetonka Dredging Company, a corporation, to recover damages for injuries sustained because of the alleged negligence of Phillip Gamble in operating, directing, and controlling a motorboat which was caused to collide with a dredge of the dredging company. It was also alleged that the company was negligent in not having properly protected its dredge by lights. Defendants Phillip Gamble and the dredging company interposed answers; defendant David F. Gamble demurred to the complaint on the ground that it failed to state a cause of action against him. The court made an order sustaining the demurrer. From that order this appeal is taken.

The complaint charged that respondent was the owner of a motorboat, located and used upon Lake Minnetonka by his family for family purposes, and that Phillip, his son, was a member of said family, using said motorboat at the time and on the occasion of the accident. Further, that plaintiff as a guest was riding in the motorboat so operated by Phillip.

Is the head of a family who makes provision for the pleasure of the members of his family by furnishing a motorboat therefor liable for injuries or damages resulting from the negligence of such a member when using such motorboat for his own pleasure? That is the sole question here. In other words, does the family car doc-

trine as announced in Kayser v. Van Nest, 125 Minn. 277, 146 N. W. 1091, 51 L.R.A.(N.S.) 970, apply to motorboats as well as to automobiles? Appellant's contention is that it does so apply, and that it applies to any "thing" which the head of the family may secure and provide for the use of the members of the family for their pleasure and entertainment.

The family car doctrine is well established in this state. It is:

"Where the head of the family makes it his business to provide recreation and pleasure for the family and its several members and to that end furnishes an automobile, he is responsible for its negligent use by any one of the family having his permission to drive it." Johnson v. Smith, 143 Minn. 350, 352, 173 N. W. 675, 676; Kayser v. Van Nest, 125 Minn. 277, 146 N. W. 1091, 51 L.R.A.(N.S.) 970; Johnson v. Evans, 141 Minn. 356, 170 N. W. 220, 2 A. L. R. 891; Plasch v. Fass, 144 Minn. 44, 174 N. W. 438, 10 A. L. R. 1446; Menton v. Patterson Merc. Co. 145 Minn. 310, 176 N. W. 991; Morken v. St. Pierre, 147 Minn. 106, 179 N. W. 681, 180 N. W. 215; Johnson v. Schuler, 152 Minn. 137, 188 N. W. 271; Richardson v. Weiss, 152 Minn. 391, 188 N. W. 1008; McMahon v. Flynn, 154 Minn. 326, 191 N. W. 902; Payne v. Leininger, 160 Minn. 75, 199 N. W. 435; see also 2 Blashfield, Cyc. of Auto. Law, p. 1464, et seq. and preface to vol. 1, p. IV.

In no case in Minnesota has the family car doctrine been extended to cover anything other than an automobile. We are not referred to any cases from other jurisdictions, nor have we found any where that doctrine has been extended to cover a motorboat.

In Mogle v. A. W. Scott Co. 144 Minn. 173, 175, 174 N. W. 832, 833, this court stated:

"The doctrine [family car] is a development of the rules applicable to the relation of master and servant and principal and agent, which have been extended to meet a new situation brought about by the invention of the automobile and its common use, with the owner's permission, by the members of his family for whom he has provided it."

360

In numerous cases from other jurisdictions and in textbooks will also be found statements indicating the reasons for making the family car doctrine applicable to automobiles and to them only. The necessities of the situation prompted such application, and public policy required it. In this state upwards of one million automobiles are traversing the tens of thousands of miles of public highway therein; because of such common use of automobiles many thousands of serious accidents occur annually, and a startling number of lives are lost. Automobiles are operated on congested streets in our municipalities; are driven on paved highways at high rates of speed and often by careless, reckless, and sometimes drunken drivers; pedestrians are in constant danger. The number of motorboats, even in the state of Minnesota with its more than 10,000 lakes, is extremely limited when compared with the number of automobiles upon its highways. Boats in far greater number are propelled by oars. Considering the wide expanse of the water surface of our lakes and rivers and the comparatively small number of motorboats thereon, which do not move in lanes or prescribed routes, a situation is not presented justifying, much less requiring as a matter of public policy, the extension of the family car doctrine to cover them. It is evident that in practically all of the decisions the doctrine was applied to automobiles in the interest of justice and as a necessity. The situation as regards motorboats is in no way comparable to that of automobiles. We hold that the demurrer was properly sustained.

Affirmed.

STONE, J. (concurring).

I concur in the result.

WILSON, C. J. (dissenting).

The distinction seems to me to be wholly illogical. It is not the number of automobiles that constitutes the basis of the so-called family car doctrine, but it is the fact that the owner provides it for the recreation, pleasure, and use of the family. The instrumentality is for the beneficial use of the family and purpose of the owner. So serving the family, it is in the promotion of the owner's

welfare. Such being the case, the operator is operating in his interest, and hence he should be liable, which is as though the members of the family were his employes. The reason for the doctrine is just as applicable in the use of a motorboat kept and maintained for the recreation and pleasure of his family as in relation to an automobile so kept. Both are motor vehicles, the one on land, the other on water. In my opinion the rule should be construed as applicable to both.

LORING, J. (dissenting).
I agree with the Chief Justice.

