### TORREZ *v.* WILLETT.

1. NAVIGABLE WATERS—BATHER—NEGLIGENCE OF BOAT OPERATOR—VIOLATION OF STATUTE.

   Directed verdict for defendant operator of boat propelled by an outboard motor in a dredge cut, which was so operated as to injure plaintiff, a bather, while endeavoring to escape from path of boat *held*, error, under evidence which would have sustained a jury finding that such defendant's operation of boat was in a manner so reckless as to endanger life or property in violation of statute (CL 1948, § 752.401).

2. SAME—LIABILITY OF OWNER OF ROWBOAT AND OUTBOARD MOTOR—NONPERMITTED USE.

   Owner of rowboat, propelled by operator's outboard motor, who was not in the boat and had not given permission to his nephew-operator to use the boat was not liable for negligent injuries inflicted upon plaintiff bather, the statute imposing civil liability upon owners of motor vehicles not being applicable to watercraft (CLS 1956, § 257.401).

3. SAME—SPEED OF BOAT—EVIDENCE.

   Exclusion of offered testimony as to speed of outboard motor-driven rowboat on the ground of insufficient foundation for such testimony *held*, error, where witness, 18 years of age at time of accident, had driven a motorboat about 100 times in

---

REFERENCES FOR POINTS IN HEADNOTES

[1-4]  48 Am Jur, Shipping § 22.
   Liability of owner or operator of motorboat for injury or damage.
   63 ALR2d 343.
[5]  14 Am Jur, Costs § 93.

the previous 6 or 7 years and had opportunity to estimate his motorboat's speed and, also, to estimate the speed of other boats, both while driving his boat and when standing on the shore and had observed defendant operating his boat for 10 to 15 minutes previous to the accident.

4. Same—Motorboats—Bathers—Judicial Notice—Evidence.

The Supreme Court takes judicial notice of the problem that has arisen in recent years because of the increase of boats propelled by outboard motors on, and of bathers in, the lakes of this State, hence, where the legislature has prescribed a standard of conduct by prohibiting an excessive rate of speed of watercraft by requiring operator to be able to bring it to a stop within the assured clear distance ahead, witnesses qualified to testify as to such speed should be permitted to testify even though they may not have timed the speed of a boat by any instrument (CL 1948, § 752.401).

5. Costs—Reversal as to 1 of 2 Defendants.

Costs on appeal in an action brought against defendant owner of boat and defendant operator are allowed to plaintiff against latter only, where judgment on directed verdicts as to each is reversed as to latter only.

Appeal from Genesee; Parker (Donn D.), J. Submitted January 11, 1962. (Docket No. 79, Calendar No. 48,790.) Decided May 18, 1962.

Case by Robert Torrez, a minor, by his guardian, Jesus Torrez, against Roy C. Willett and Frank Willett for personal injuries sustained when struck by outboard motorboat while bathing. Directed verdict and judgment for defendants. Plaintiff appeals. Affirmed as to defendant Roy C. Willett, owner of boat; reversed as to defendant Frank Willett, operator of boat, and remanded.

*Joseph J. Trogan* (*William S. Bovill,* of counsel), for plaintiff.

*Traycik & Mosier* (*Richard C. Fruit,* of counsel), for defendant Roy C. Willett.

*James J. Epskamp,* for defendant Frank Willett.

Kelly, J. Plaintiff, a minor, by his guardian, seeks to recover for injuries sustained when struck by a boat and propellor blade of an outboard motor. Defendant Frank Willett was the operator of the boat and owned the outboard motor. Defendant Roy Willett was the owner of the boat. Plaintiff contends defendant Frank Willett was negligent in the operation of the boat and that defendant Roy Willett was liable as owner.

Plaintiff testified that he was swimming in approximately 4 feet of water a short distance off shore, in Vanderbilt county park, Tuscola county; that defendant Frank Willett was steering the boat from the rear by means of a handle attached to the motor housing; that he (plaintiff) stood up in the water exposing the upper portion of his chest, arms and head, as the boat approached him approximately 40 feet away, and that as the boat continued toward him he attempted to dive away from its path toward the shore but was struck by the boat and propellor blade, injuring his left leg.

Defendants' answer contends the accident happened in a dredge cut which was not a swimming beach but was dug to permit access to the lake by boat.

Defendant Frank Willett, called under the statute* by plaintiff, testified that his uncle, Roy Willett, had not given him permission to use the boat and had told him a number of times never to use it; that the boat was an 11- to 12-foot rowboat.

The court excluded evidence by plaintiff's witnesses that the boat was traveling approximately 20 miles per hour, on the grounds they were not qualified to judge the speed of a boat.

At the close of plaintiff's proofs, the court granted defendant Roy Willett's motion to dismiss and di-

---

* CL 1948, § 617.66 (Stat Ann § 27.915).—Reporter.

rected a verdict of no cause of action because the evidence showed he was only the owner of the boat. The court also directed a verdict in favor of Frank Willett on the grounds there was no evidence of negligence.

Plaintiff appeals contending that: (1) The court erred in granting defendants' motions to dismiss on the ground there was no evidence of negligence on the part of defendant Frank Willett; (2) The court erred in rejecting the testimony of plaintiff's witnesses in regard to the speed of the boat; and (3) The court erred in directing a verdict in favor of Roy Willett on the grounds that he was only the owner of the boat and that there was no evidence of negligence or violation of any duty on his part.

Defendant Frank Willett had a duty to operate the boat in a careful and prudent manner, as provided in CL 1948, § 752.401 (Stat Ann 1959 Cum Supp § 28.21), which states in part:

"Hereafter any motor boat, launch, or other water craft * * * operated on the inland waters of this State or the waters connected with the Great Lakes * * *. No such motor boat shall be operated on any of said waters in a reckless manner or at an excessive rate of speed so as to endanger the life or property of any person in or on said waters, having due regard to the presence of other boats, bathers * * * or objects in or on such waters and of any other conditions then existing, and no person shall operate such motor boat on said waters at a rate of speed greater than will permit him to bring it to a stop within the assured clear distance ahead."

Plaintiff testified that he was not the only swimmer in that area as "there was some kids farther south"; that as defendant steered his boat toward him "he was going fast and kind of reckless"; that "he came around clockwise of the dredge and was swerving in curves, sort of making figures eights in the water";

that "when he turned, the boat sort of tilted"; that he made "sharp turns" and "big waves come up." He also said: "I went in and swam from east to west and then I swam back toward the south, at an angle, and I stopped there for awhile and noticed this motorboat coming at me, and I stood there for awhile, because I didn't know which way he would try to pass me or what, and I seen it approaching closer. I dove to the side, and he got my left leg."

On cross-examination the following questions were asked plaintiff and answers given:

"*Q.* Well, let's get it this way: Why did you stand in the water looking at the boat as it approached you?

"*A.* Because I know he had seen me. I thought he was just going to pass by me as he did before.

"*Q.* Had he come close to you before?

"*A.* Yes, he had.

"*Q.* How close did he come to you before?

"*A.* I'd say about 3 or 4 feet.

"*Q.* How many times was that?

"*A.* Two or 3 times."

John L. Lopez, 18 years of age at the time of the accident, had accompanied plaintiff to the park and was standing on the bank. He testified that he had visited the park 50 to 75 times since he was 6 years of age and had swum many times in the dredge cut; that defendant was "driving a little—kind of carelessly, because of the swimmers in that area"; that he observed defendant steering the boat for 10 or 15 minutes before the boat struck plaintiff and defendant was driving up and down the canal making different patterns with sharp turns and the boat would lift up and sharp waves would follow; that he saw plaintiff dive to the east trying to avoid the boat; that there was "a girl laying prone on the bow looking back and talking or laughing at Frank when he was at the controls."

Lopez concluded his direct testimony as follows:

"*Q.* Now, as Frank Willett was proceeding south toward Robert just before the boat struck Robert, did it proceed straight ahead, or did it swerve, or just what did it do?

"*A.* Actually when it was coming it was coming at a speed—actually I—I don't believe he could see what was in front of him.

"*Q.* Well, what makes you say that?

"*A.* Because the part of the boat was tilted up.

"*Q.* What part of the boat?

"*A.* The front part.

"*Q.* And the back was sitting in the water?

"*A.* Yes, sir.

"*Q.* Now, as I said before, when the boat proceeded towards Robert, before Robert got struck, as it neared Robert, did the boat go to the left or right of Robert, or did it proceed right straight ahead?

"*A.* It proceeded straight ahead.

"*Q.* Did the boat give any warning or make any sign or signal to get out of the way or an accident was about to happen?

"*A.* None whatsoever."

Thus, the evidence is that the defendant, at a place where he knew there were bathers, was operating a boat with the front end tilted so he could not see ahead and "a girl laying prone on the bow looking back and talking or laughing" at or to defendant, with defendant driving back and forth making different patterns with sharp turns. Such evidence would sustain a jury finding that defendant had violated the statute providing that no motorboat shall be operated in a reckless manner so as to endanger life or property.

The question of defendant Frank Willett's negligence should have been submitted to the jury, and the court erred in directing a verdict of no cause of action.

The only testimony in the record discloses that while Roy C. Willett was the owner of the boat, he was not in the boat when the accident occurred, and Frank Willett did not have his uncle's permission to use the boat. There is no question of agency or employment.

We do not agree with appellant that the statute covering civil liability of owners of motor vehicles (CLS 1956, § 257.401 [Stat Ann 1960 Rev § 9.2101]) applies. See *Felcyn* v. *Gamble,* 185 Minn 357 (241 NW 37, 79 ALR 1159).

The court did not err in directing a verdict in favor of Roy C. Willett.

The question remains as to whether the trial court properly excluded the offered testimony of plaintiff's witness, John Lopez, as to the estimated speed of the boat just prior to the accident, on the ground of insufficient foundation for such testimony.

Witness Lopez testified that he had driven a motorboat probably a hundred times in the previous 6 or 7 years and had opportunity to estimate his motorboat's speed and, also, to estimate the speed of other boats, both while driving his boat and when standing on the shore; and, that he had observed defendant operating the boat for 10 to 15 minutes previous to the accident.

Appellee Frank Willett states there was no evidence "that he [Lopez] had ever timed the speed of a boat by any instrument"; that there are many factors which make it difficult to estimate the speed of boats, such as size of boat and motor, and different kinds of boats that operate in all kinds of water.

These are points that appellant could develop on cross-examination and argue to a jury, but are not sufficient to disqualify Lopez from expressing his opinion as to the speed of defendant's boat.

This Court takes judicial notice of the problem that has arisen in recent years because of the increase of

boats propelled by outboard motors on, and of bathers in, the lakes of this State.

The legislature endeavored to meet this problem by prohibiting an excessive rate of speed of watercraft that endangers life or property or "at a rate of speed greater than will permit him [operator] to bring it to a stop within the assured clear distance ahead." The legislative endeavor would be defeated if witnesses as qualified as Lopez were denied the right to express opinion as to the speed of defendant's boat or confine opinion to those who had "timed the speed of a boat by any instrument."

The judgment upon directed verdict as to defendant Roy C. Willett is affirmed.

The judgment upon directed verdict as to defendant Frank Willett is set aside and the case is remanded to the circuit court for the county of Genesee for further proceedings. Costs to appellant against Frank Willett only.

CARR, C. J., and DETHMERS, BLACK, KAVANAGH, SOURIS, OTIS M. SMITH, and ADAMS, JJ., concurred.